J-A11002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRAVIS SHANE BRUNO, | |
| Appellant | No. 451 WDA 2013 |

Appeal from the Judgment of Sentence of February 19, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017061-2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 5, 2014**

Appellant, Travis Shane Bruno, appeals the judgment of sentence entered on February 19, 2013 in the Criminal Division of the Court of Common Pleas of Allegheny County following the trial court's determination that Appellant violated the terms and conditions of his probation.  On appeal, Appellant alleges that the trial court abused its discretion by imposing a manifestly excessive sentence that constituted too severe a punishment.  In addition, Appellant invokes our *en banc* decision in ***Commonwealth v. Hainesworth***, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), and claims that he is entitled to specific enforcement of a ten-year registration term in his plea agreement.  After careful review, we conclude that the trial court did not abuse its discretion in sentencing Appellant following his probation violation.  We also conclude, in accordance with this

Court's decision in **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), that Appellant's probation violation vitiated his plea agreement, thereby rendering its terms unenforceable. Hence, we affirm.

On January 27, 2011, the Commonwealth filed a criminal information charging Appellant with the following offenses: unlawful contact with a minor – prostitution (18 Pa.C.S.A. § 6318(a)(3)); promoting or encouraging prostitution (18 Pa.C.S.A. § 5902(b)(3)); criminal solicitation – promoting or encouraging prostitution (18 Pa.C.S.A. § 902(a)); corruption of minors (18 Pa.C.S.A. § 6301(a)(1)); harassment (18 Pa.C.S.A. § 2709(a)(4)); and, criminal solicitation – involuntary deviant sexual intercourse/forcible compulsion (18 Pa.C.S.A. § 902(a)). The charges stemmed from an incident that occurred on October 28, 2010, during which Appellant solicited a 17-year-old female for a sexual encounter in exchange for payment. On September 13, 2011, Appellant entered a negotiated guilty plea to unlawful contact with a minor – prostitution and criminal solicitation – promoting or encouraging prostitution. On December 5, 2011, pursuant to the parties' plea agreement, the Commonwealth withdrew the remaining charges and the trial court sentenced Appellant to 11½ to 23 months of intermediate punishment, followed by five years of probation with special conditions.[1, 2]

_____

[1] Given that Appellant's charges both carried an offense gravity score of eight and Appellant's prior record score was repeat felony offender ("RFEL"), the December 5, 2011 sentence represented a steep downward departure from the mitigated range of the applicable sentencing guidelines. In fact,
*(Footnote Continued Next Page)*

The agreement also called for ten years' registration under Megan's Law, 42 Pa.C.S.A. §§ 9791-9799.9.

On February 19, 2013, following a hearing, the trial court found Appellant in violation of the terms and conditions of his probation.[3] Accordingly, the trial court revoked Appellant's probation and imposed a new sentence of 40 to 80 months' imprisonment, with credit for 209 days of time served, to be followed by a term of five years' probation.[4]  N.T., 2/19/13, at

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the guidelines reflect a mitigated range of 31 months and standard range of 42 months for Appellant's offenses.  Upon inquiry from the trial court, the Commonwealth explained that the negotiated sentence reflected the victim's desire to avoid testifying at trial and the Commonwealth's belief that the public would be adequately protected by Appellant's ten-year registration under Megan's Law.  N.T., 9/13/11, at 4.

[2] One of the special conditions of Appellant's probation was to avoid contact with minors.

[3] The certified record confirms that Appellant incurred three technical violations of his probationary sentence.  First, although Appellant registered as a sex offender under Megan's Law, he failed to do so in a timely manner. Second, during a field visit to Appellant's residence by probation officers and agents with Children and Youth Services, authorities observed Appellant in the presence of the six-year-old daughter of his former girlfriend.  Finally, Appellant tested positive for opiates, cocaine, and marijuana on June 20, 2012.

[4] It appears that, as of the date that the trial court revoked his probation, Appellant may still have been on intermediate punishment.  Nevertheless, it is well-settled in Pennsylvania that a trial court possesses the authority to revoke a probationary sentence in anticipation of its commencement.  **_See_ _Commonwealth v. Ware_**, 737 A.2d 251, 253 (Pa. Super. 1999), _appeal denied_, 747 A.2d 900 (Pa. 1999).

7. The trial court also notified Appellant that, in view of the passage of the Sexual Offenders Registration and Notification Act ("SORNA") 42 Pa.C.S.A. §§ 9799.10-9799.41, it was likely that he would now be subject to a longer registration requirement.[5] N.T., 2/19/13, at 7-8.

On February 28, 2013, Appellant filed a counseled post-sentence motion alleging that his revocation sentence was excessive and that he was entitled to specific enforcement of the ten-year registration term incorporated into his plea agreement. The trial court denied Appellant's motion on March 1, 2013. Appellant lodged a timely notice of appeal on March 8, 2013. After several extensions, Appellant, on June 25, 2013, filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its opinion on August 30, 2013. This appeal followed.

In his brief, Appellant raises two questions for our review:

_____

[5] Appellant's brief and the trial court's opinion state that Appellant is now subject to a 25-year registration requirement because of his conviction for criminal solicitation. *See* Appellant's Brief at 37; *see also* Trial Court Opinion, 8/13/30, at 3 n.5, *citing* 42 Pa.C.S.A. § 9799.14(c)(18). As our review and recitation of the record reveals, however, Appellant pled guilty to both unlawful contact with a minor **and** criminal solicitation of prostitution. SORNA classifies both of these crimes as Tier II offenses. *See* 42 Pa.C.S.A. §§ 9799.14(c)(5) (unlawful contact) and 9799.14(c)(18) (criminal solicitation of prostitution, a listed Tier II offense). Under SORNA, two or more convictions for offenses listed as Tier II crimes shall be treated as a Tier III sexual offense (42 Pa.C.S.A. §§ 9799.14(d)(16)), which carries a lifetime registration requirement. 42 Pa.C.S.A. § 9799.15(a)(3). As neither party has raised or addressed this apparent discrepancy on appeal, we shall address it no further.

> Was the sentence imposed on [Appellant] unreasonable and manifestly excessive in that the court did not explain the reasons for the increase in sentence, and further did not focus, as it must, on the sentence factors outlined in 42 Pa.C.S.A. § 9721(b), especially on the technical violation's impact upon the victim of the crime, the community in general, and the defendant's need for rehabilitation?
>
> Did the trial court err in refusing to impose the period of registration as a sex offender under SORNA [Megan's Law] that was initially imposed and agreed upon, such that [Appellant] may obtain the benefit of his plea bargain and only register for a [ten] year period?

Appellant's Brief at 7 (complete capitalization omitted).

In his first claim, Appellant challenges the discretionary aspects of his sentence.[6] We begin by setting forth our standard of review in addressing such challenges:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

_____

[6] It is now well-settled that an appellant may challenge the discretionary aspects of a revocation sentence before this Court. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*) ("To eliminate the discord between what we seem to say and what we do, we unequivocally hold that this Court's scope of review in an appeal from a revocation sentenc[e] includes discretionary sentencing challenges."); **see also Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-1266 (Pa. Super. 2014) (citations omitted).

Appellant fulfilled the first two elements by filing a timely notice of appeal and by preserving his claim in a post-sentence motion challenging the discretionary aspects of his sentence. Appellant also met the third element because his brief contains the necessary concise statement of the reasons relied upon for appeal. Therefore, we consider whether Appellant's challenge to the discretionary aspect of his sentence raises a substantial question.

Whether a particular challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011). "A substantial question exists only when the appellant advances a colorable argument that the sentencing [court's] actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms

which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citations and internal quotation marks omitted).

In relevant part, Appellant's Rule 2119(f) concise statement of matters relied upon for allowance of appeal asserts that the trial court abused its discretion in imposing an unreasonable and manifestly excessive punishment "in that the court failed to consider, as it must, all factors under 42 Pa.C.S.A. § 9721(b) prior to imposing sentence." Appellant's Brief at 13. Such a contention raises a substantial question. Although a claim asserting that the trial court failed to consider certain mitigating facts does not raise a substantial question, "[a]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 do[] present a substantial question." ***Buterbaugh***, 91 A.3d at 1266, *quoting* ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Turning to the substance of Appellant's first claim, Appellant argues that the trial court abused its discretion and imposed an excessive sentence under the circumstances of this case because it disregarded the factors outlined in § 9721(b) when it issued a revocation punishment significantly greater than that which was originally assessed. Specifically, Appellant maintains that the escalation of his sentence from 23 months of intermediate punishment followed by five years of probation to a sentence of 40 to 80 months of incarceration also followed by five years of probation constitutes too great an increase given the technical nature of his violations,

the potential risk he posed to the community, and the impact on the victim. **See** Appellant's Brief at 16-21. Appellant also claims that the trial court failed to state its reasoning on the record. In developing his claims, Appellant admits that he initially received a light sentence. **See id.** at 15. Moreover, Appellant does not dispute that his revocation sentence falls within the standard range of the sentencing guidelines.

Although Appellant does not specifically challenge the imposition of total confinement, we begin our examination of Appellant's claim by referring to § 9771 of the Sentencing Code. Section 9771 permits the trial court to revoke probation upon proof that the defendant violated specific probationary conditions and to order total confinement where it appears likely that the defendant will reoffend or where incarceration is needed to vindicate the court's authority. In relevant part, § 9771 provides:

**§ 9771. Modification or revocation of order of probation**

(a) General rule.-The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) Revocation.-The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) Limitation on sentence of total confinement.-The court shall not impose a sentence of total confinement upon revocation unless it finds that:

    (1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(a), (b), and (c).

While Appellant concedes that the sentencing guidelines do not apply in this case because it involves re-sentencing upon revocation of probation, he nevertheless urges that we consider the guidelines in evaluating his contentions on appeal. In assessing the propriety of a sentence under the guidelines, § 9781 states:

**§ 9781. Appellate review of sentence**

\* \* \*

(c) Determination on appeal.-The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). We are also guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant.

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006). Guided by the foregoing standards, we must determine whether the court abused its discretion by imposing a manifestly excessive sentence that constituted too severe a punishment. *Id.* We are also mindful that "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283.

We are not persuaded that the trial court abused its discretion in escalating Appellant's punishment, upon revocation, to a standard range sentence. Our review of the sentencing transcript in this case confirms that the trial court carefully considered Appellant's presentence report, the terms of the parties' plea agreement, the sentencing guidelines, and the nature of Appellant's probation violations (including the reasons Appellant offered for his transgressions). In view of the trial court's consideration of these materials and circumstances, we are reluctant to find an abuse of discretion. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)

("Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."), *appeal denied*, 987 A.2d 161 (Pa. 2009).

Moreover, as the trial court explained in its Rule 1925(a) opinion:

[The trial c]ourt did not abuse its discretion in sentencing Appellant to a forty to eighty month period of incarceration. Appellant was serving an intermediate punishment sentence for [u]nlawful [c]ontact with a [m]inor and [c]riminal [s]olicitation when his probation was revoked for technical reasons. [The trial c]ourt was concerned about Appellant's inability to be supervised safely in the community due to his rapid violation of multiple supervision conditions, specifically: failing to register, testing positive for three illegal substances (opiates, cocaine and marijuana), and having a minor in his home when the probation officer made his first visit. Appellant failed to take responsibility for his probation violation and was unable to make any assurances to the [c]ourt that he would comply with probation requirements in the future. Instead, Appellant chose to deflect blame, specifically stating: "I let her [Appellant's ex-girlfriend] come and get her stuff, you know what I mean? House arrest is right there behind her, you know. She turned me in. She wanted to do it. She knew I was on [probation]" as his reason for violating probation by having his ex-girlfriend's minor child in his house. Also, Appellant argued that the reason he did not register for Megan's Law was because "he lost contact with her [his probation officer]." It was well within the [trial c]ourt's discretion to find these statements to be both dishonest and unpersuasive. In light of these reasons, the [trial c]ourt properly sentenced Appellant to a period of total confinement of forty to eight[y] months['] incarceration, a sentence well within the standard range of the guidelines given Appellant's [offense gravity scores and r]epeat [f]elony [o]ffender (RFEL) status.

Trial Court Opinion, 8/30/13, at 6-7. For each of these reasons, we conclude that Appellant has failed to establish, by reference to the record, that the

- 11 -

sentencing court ignored or misapplied the law, or exercised its judgment in a biased or prejudicial manner. Hence, Appellant is not entitled to relief based on his claims that the court failed to offer sufficient reasons on the record or imposed a manifestly excessive sentence.

In his second claim, Appellant argues that his ten-year registration requirement was an essential term of his plea agreement and that it should be specifically enforced. In a post-argument communication, he directs our attention to this Court's *en banc* decision in **Hainesworth**, **supra** wherein this Court specifically enforced a negotiated plea agreement that did not require the defendant to report as a sex offender under Megan's Law, despite subsequent amendments to the statute that would have subjected him to enhanced registration requirements. Hainesworth entered a negotiated guilty plea to three counts each of statutory sexual assault and indecent assault, and one count each of indecent assault and criminal use of a communication facility in February 2009. None of these convictions required registration under the then-prevailing version of Megan's Law. Pursuant to plea negotiations, the Commonwealth withdrew other charges that would have imposed a registration requirement.

Hainesworth filed a motion seeking to terminate supervision effective one week prior to the effective date of SORNA. The trial court denied the petition to terminate supervision, but held that application of SORNA's registration requirements to Hainesworth violated due process. On appeal,

this Court, sitting *en banc*, concluded first that Hainesworth correctly framed the issue as one of contract law. To assess whether the non-registration provision constituted a component of the parties' plea agreement, we considered whether the parties reasonably understood that provision to be an element of their bargain. **Hainesworth**, **supra**, *quoting* **Commonwealth v. Fruehan**, 557 A.2d 1093, 1095 (Pa. Super. 1989). We looked to the "totality of the surrounding circumstances" and "[a]ny ambiguities in the terms of the plea agreement are construed against the [Commonwealth]." **Commonwealth v. Kroh**, 654 A.2d 1168, 1172 (Pa. Super. 1995). The dispositive question was "whether registration was a term of the bargain struck by the parties." **Hainesworth**, 82 A.3d at 448. We examined the record, noting that the terms of the plea agreement included a discussion of the fact that the offenses to which the defendant pled guilty did not require registration and supervision as a sex offender. Ultimately, we held that avoidance of a registration requirement was an essential component of Hainesworth's plea agreement and that he was entitled to the benefit of his bargain.

For purposes of our analysis in this case, we will assume that both Appellant and the Commonwealth reasonably understood that the ten-year registration period formed part of the terms of the parties' plea agreement. As the Commonwealth acknowledged at Appellant's plea hearing, its two major concerns in obtaining a plea in this case were the avoidance of calling

the victim to testify at trial and the protection of the public secured by Appellant's ten-year registration under Megan's Law. N.T., 9/13/11, at 4-5. Under the rationale we embraced in **Hainesworth**, Appellant arguably would be entitled to enforcement of the plea agreement.

For its part, however, the Commonwealth argues that, to the extent that Appellant's ten-year registration requirement is seen as a product of the parties' plea agreement, Appellant's subsequent probation violation constituted a breach of that agreement. **See** Commonwealth's Brief at 23-24. Thus, the Commonwealth maintains that Appellant cannot seek specific performance of the underlying plea agreement since there is no longer a plea bargain to enforce. It cites **Commonwealth v. Parsons**, 969 A.2d 1259 (Pa. Super. 2009), for the proposition that "where the original sentence evolved from a plea bargain, and a defendant later violates his parole or probation, the defendant has effectively abrogated the underlying plea bargain." **Id.** at 1270 n.6.

In **Partee**, **supra**, this Court recently held that an appellant was not entitled to enforcement of a registration requirement negotiated as part of a plea agreement where the appellant violated the terms of his probation. We observed that:

> As our Supreme Court held in **Commonwealth v. Wallace**, 870 A.2d 838, 842–843 (Pa. 2005), where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor. The Court explained,

The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court. *See Commonwealth v. Coles*, 530 A.2d 453 (Pa. Super. 1987) (holding that the benefit of the bargain principle commonly applied to the prosecution is also equally applicable to the defendant and imparts upon him the obligation to abide by the negotiated terms of his sentence).

[*Wallace*] at 843 n.6[; *s*]*ee also Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013) (citing *Wallace* for the proposition that once defendant violated the terms of his probation, he "forfeited the benefit of the expectations that induced his plea[]").

[Partee] does not address the Commonwealth's argument or the legal effect of his probation violation upon the original plea agreement. We agree with the Commonwealth that, having failed to abide by the terms of the plea bargain, that agreement is no longer in effect, and hence, [Partee] is not entitled to specific performance. *Hainesworth* is not controlling.

*Partee*, 86 A.3d at 249-250 (parallel citations omitted).

Like Partee, Appellant has no answer to the Commonwealth's contentions regarding the legal effect of his probation violation upon the parties' original plea agreement. Therefore, in accordance with *Partee*, we conclude that *Hainesworth* is not controlling, that the parties' plea

agreement is no longer in effect, and that Appellant is not entitled to specific performance.[7]  Appellant's second claim merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

_____

[7] We recognize, of course, as did the trial court, that Appellant's enhanced registration requirement under SORNA was not a function of the court's imposition of a new sentence but instead arose from the passage of a new law affixing different collateral consequences to Appellant's convictions. **See** N.T., 2/19/13, at 7-8.  Our decision is not based, however, on the premise that the trial court enjoyed the authority to impose new registration terms. Instead, our conclusion flows from **Partee**, which holds that Appellant's probation violation vitiated the legal effect of the parties' plea agreement. This rebuts Appellant's contention on appeal that he is entitled to specific enforcement of his initial ten-year registration requirement because it formed part of his plea bargain with the Commonwealth.

- 16 -