J-A29002-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID EDWARD KACPRZYK, | : | |
| | : | |
| Appellant | : | No. 1536 WDA 2013 |

Appeal from the Order August 7, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0000623-2010

BEFORE:  DONOHUE, ALLEN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 07, 2014**

David Edward Kacprzyk ("Kacprzyk") appeals from the August 7, 2013 order entered in the Allegheny County Court of Common Pleas denying his petition seeking enforcement of a plea agreement.  For the reasons set forth herein, we affirm.

The trial court provided the following summary of the procedural history of this case:

> On December 10, 2009, [Kacprzyk] was charged with one count of Possession of Child Pornography, a felony of the third degree.  On October 12, 2010, [Kacprzyk] pled guilty to this offense, waived a pre-sentence report, and proceeded to sentencing. [Kacprzyk] and the Commonwealth had an agreement as to sentence that [Kacprzyk] would receive five (5) years [of] probation and comply with the special conditions of probation.[FN]  In addition to this sentence, [Kacprzyk] had a ten (10) years' [*sic*] Megan's Law Registration requirement.

*Retired Senior Judge assigned to the Superior Court.

Since the date of his sentencing, [Kacprzyk] has been found to be in violation of the terms and conditions of his probation for failure to comply with the special sex offender conditions three (3) times. On December 6, 2011, the first bench warrant was issued for a violation of probation. On February 28, 2012, [Kacprzyk] was found to be in violation and his October 12, 2011 period of probation was revoked. On that date, [Kacprzyk] was resentenced to time served of eighty-four (84) days in the Allegheny County Jail to be followed by five (5) years' probation. On February 25, 2013, a second bench warrant was issued for a violation of [Kacprzyk's] probation. On May 15, 2013, [Kacprzyk] was found to be in violation, however, his current sentence was continued. A mere six (6) weeks later, a third bench warrant was issued for continued violation of the special conditions of his probation and [Kacprzyk] was lodged in the Allegheny County Jail beginning on June 27, 2013. Thereafter, on September 26, 2013, [Kacprzyk] was found to be in violation and his period of probation was revoked and he was sentenced to nine (9) to twenty-three (23) months in the Allegheny County Jail with a consecutive three (3) year period of probation.

On May 6, 2013, [Kacprzyk] filed a Petition Seeking Enforcement of a Plea Agreement, or in the alternative, Motion for Writ of Habeas Corpus. The Commonwealth filed an Answer to Post-Conviction Relief Act Petition on May 7, 2013, as the Commonwealth considered [Kacprzyk's] Motion to be a Post-Conviction Relief Act Petition. A hearing on [Kacprzyk's] Motion was heard on June 17, 2013. At the conclusion of the hearing, [c]ounsel for [Kacprzyk] was given leave to file a brief on the jurisdictional argument raised by the Commonwealth. After consideration of the above, this [c]ourt denied [Kacprzyk's] Petition on August 7, 2013.

Counsel for [Kacprzyk] failed to timely file an appeal to the August 7, 2013 Order. On September 23,

2013, [c]ounsel for [Kacprzyk] filed a Petition for Post-Conviction Relief seeking reinstatement of direct appeal rights. This was granted on September 24, 2013, and [Kacprzyk] filed his Notice of Appeal on September 26, 2013. On October 2, 2013, [c]ounsel for [Kacprzyk] was directed to file a Concise Statement of Matters Complained of on Appeal. Thereafter, on October 23, 2013, [Kacprzyk] filed his Concise Statement[.]

_____

[FN] This [c]ourt notes that the guilty plea and sentence were entered on October 12, 2010, however an amended order of sentence was entered on December 12, 2010 due to a clerical error.

Trial Court Opinion, 6/16/14, at 1-2 (footnote included in the original).

On appeal, Kacprzyk presents the following issue for our review:

Did the trial court err in refusing to enforce and uphold the time period of sex offender registration that was initially imposed and agreed upon, such that [] Kacprzyk may obtain the benefit of his plea bargain and only register for a 10-year period, despite any probation violation?

Kacprzyk's Brief at 5.

Kacprzyk argues that the 10-year sex offender registration requirement was an essential term of his agreement with the Commonwealth and that because the term was negotiated, it is enforceable under contract principles. *Id*. at 10-14. In its written opinion, the trial court noted that at the time of the hearing on Kacprzyk's petition for seeking enforcement of plea agreement, Kacprzyk "was a three-time violator of [the] [c]ourt's probation." Trial Court Opinion, 6/14/14, at 3. The trial court denied Kacprzyk's petition "on the basis that [he] had not been in

compliance with the terms and conditions of his probation[.]" ***Id.*** As a result, the trial court concluded that Kacprzyk "is not entitled to specific performance of his plea agreement." ***Id.***

As the issue raised by Kacprzyk before this Court is whether the trial court erred by not upholding and enforcing the 10-year sex offender registration requirement pursuant to the plea agreement, we look to contract law for our standard of review. ***See Commonwealth v. Anderson***, 995 A.2d 1184, 1191 (Pa. Super. 2010) ("Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards.") As such, we must determine "'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" ***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa. Super. 2013) (citing ***Commonwealth v. Fruehan***, 557 A.2d 1093, 1095 (Pa. Super. 1989)). "Such a determination is made 'based on the totality of the surrounding circumstances,' and '[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." ***Id.*** (citing ***Commonwealth v. Kroh***, 654 A.2d 1168, 1172 (Pa. Super. 1995)).

In his brief, Kacprzyk argues that "[t]he ten year provision was [] an implicit part of the negotiated plea agreement in this case." Kacprzyk's Brief at 19. In support of his argument, Kacprzyk states that he signed a Megan's Law Colloquy form on October 10, 2010, indicating that he must register for

10 years, and argues that "[t]he parties also acknowledged on the record that Megan's Law registration would apply here; specifically, a ten year period of registration." *Id.*

The notes of testimony establish the following dialogue:

> THE COURT: I see you are pleading guilty to one count of possession of child pornography, a felony three, punishable by a maximum of seven years and a $15,000 fine.
>
> Do you understand that as a result of your plea today you are required to register with the Pennsylvania State Police as a sexual offender?
>
> [] KACPRZYK: Yes.
>
> THE COURT: Do you understand that as a result of your plea today you will be required to register your name, all information concerning current or intended employment, or all information current or intended enrollment as a student with the Pennsylvania State Police as a sexual offender?
>
> [] KACPRZYK: Yes.
>
> THE COURT: Do you understand the charges to which you are pleading guilty to require you to register as a sexual offender for a period of ten years?
>
> [] KACPRZYK: Yes.
>
> * * *

N.T., 10/12/10, at 5-6.

In addition, the record reflects that at the conclusion of the sentencing hearing, the trial court set out the terms of plea agreement as follows:

> All right. On Case Number 0623 of 2010, based on David E. Kacprzyk's guilty plea to possession of child pornography, a felony three, the sentence is five years probation effective at plea date, pay court costs, and the [c]ourt has signed the Charge Specific Special Conditions that Mr. Kacprzyk will abide by.

*Id*. at 12-13. Notably, the trial court did not mention the sex offender registration requirements. Furthermore, the "Charge Specific Special Conditions" referenced in the record does not refer to sex offender registration requirements.

There is no indication in the exchange between the trial court and Kacprzyk or elsewhere in the record that the parties specifically agreed to a 10-year term. To the contrary, the record establishes that the parties did not specifically agree to the 10-year registration period as a term of the plea agreement; rather, the registration period was imposed by virtue of the charge to which Kacprzyk pleaded guilty and the mandatory registration requirements of Megan's Law relating to that charge. *See* 42 Pa.C.S.A. § 9795.1(A)(1) (repealed December 20, 2012) ("The following individuals shall be required to register with the Pennsylvania State Police for a period of ten years: Individuals convicted of [...] 18 Pa.C.S.[A.] § 6312 (relating to sexual abuse of children).")

Furthermore, there is no support in the record for Kacprzyk's assertion that it was an "implicit part" of the plea agreement. Kacprzyk argues that he is entitled to enforce the 10-year registration term based upon this Court's holding in *Hainesworth*. Kacprzyk's Brief at 13.

In **Hainesworth**, the defendant entered into a negotiated guilty plea with the Commonwealth. **Hainesworth**, 82 A.3d at 445. As part of the plea, the Commonwealth withdrew charges that would require the defendant to register as a sex offender under Megan's Law. **Id.** at 446. Thus, the defendant did not and was not required to register. **Id.**

On December 13, 2012, the defendant filed a motion seeking termination of his supervision to avoid being subjected to the sexual offender registration requirements of The Sexual Offender Registration and Notification Act ("SORNA"), which would become effective on December 20, 2012. **Id.** at 446. The trial court "entered an order stating that [the defendant] was not subject to the registration requirements of SORNA[,]" upholding the original negotiated plea agreement that did not require the defendant to register as a sex offender. **Id.** at 446-47. The Commonwealth appealed to this Court and we affirmed, concluding that "the parties to [the] appeal entered into a plea bargain that contained a negotiated term that [the defendant] did not have to register as a sex offender. As such, it was not error for the trial court to order specific enforcement of that bargain[.]" **Id.** at 450.

We find **Hainesworth** to be distinguishable from the case presently before this Court. In **Hainesworth**, the defendant negotiated the crimes to which he pled guilty, ensuring that he would not be subject to the sex offender registration requirements. Thus, implicit to the defendant's guilty

plea was the absence of a sex offender registration requirement. Conversely, in the case at bar, Kacprzyk pled guilty to the only crime with which he was charged, which carried a mandatory 10-year registration requirement. Therefore, Kacprzyk's reliance on **Hainesworth** is misplaced. Kacprzyk's assertion that the registration requirement was an implicit part of his plea agreement is without support.

As this Court has held, "the agreement itself controls where its language sets out the terms of the bargain with specificity." **Kroh**, 654 A.2d at 1172. Based upon our review of the plea agreement and the court's pronouncement of the terms of the agreement, we conclude that there is no evidence that the 10-year sex offender registration requirement was a negotiated term of the plea agreement.

Nevertheless, even if the 10-year registration period could be considered a negotiated term of the plea agreement, we agree with the trial court's conclusion that Kacprzyk is not entitled to specific performance of the plea agreement.

Kacprzyk asserts "that the fact that he had violated probation between the time of his initial plea and the time he sought enforcement of the registration term of the plea agreement should not prevent him from enforcing the agreement with the Commonwealth." Kacprzyk's Brief at 13. Instead, Kacprzyk argues that "[…] when a sentence has been violated, a trial court may impose a new sentence not limited to what was in the

original negotiated plea agreement[,] [b]ut the entire agreement is not void." ***Id.*** at 20. He further argues that "[i]f the violation of probation voided Kacprzyk's plea agreement, when he came to court for a probation violation hearing he could seek to have a jury trial on the underlying charges." ***Id.*** Thus, as Kacprzyk asserts, "the issue here is whether a subsequent violation of probation will negate the negotiated agreement regarding registration." ***Id.*** at 14.

As previously stated, the trial court determined that Kacprzyk's violation of probation prevents him from enforcing the plea agreement with the Commonwealth. Trial Court Opinion, 6/16/14, at 3-4. In reaching its conclusion, the trial court relied upon this Court's recent decision in ***Commonwealth v. Partee***, 86 A.3d 245 (Pa. Super. 2014). Trial Court Opinion, 6/16/14, at 3.

In ***Partee***, the appellant entered a negotiated *nolo contendere* plea to indecent assault (person under age of thirteen), corruption of minors, and endangering the welfare of children. Pursuant to the negotiated plea agreement, counts one and two of the information, rape and incest, were withdrawn. ***Id.*** at 246. As a result of the plea bargain, the appellant was only required to register as a sex offender for 10 years, rather than for his lifetime. ***Id.*** at 248-49.

After the appellant violated his probation, the trial court held a hearing and sentenced the appellant at count three, indecent assault, to a term of

imprisonment. *Id.* at 246. The appellant filed a motion for reconsideration of the sentence, which the trial court denied. *Id.* On appeal, this Court affirmed the judgment of sentence. The appellant then filed a petition for *habeas corpus* and/or seeking enforcement of a plea agreement, specifically, the 10-year sex offender reporting requirement that was allegedly part of his original plea agreement. *Id.* After the trial court dismissed this petition, the appellant appealed to this Court. *Id.*

A panel of this Court concluded that the appellant was not entitled to specific performance of the negotiated plea agreement because "having failed to abide by the terms of the plea bargain, that agreement [was] no longer in effect[.]" *Id.* at 250. Citing to our Supreme Court, we held that "where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor." *Id.* at 249. We explained:

> The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court. ***See Commonwealth v. Coles***, 530 A.2d 453 (Pa. Super. 1987) (holding that the benefit of the bargain

> principle commonly applied to the prosecution is also equally applicable to the defendant and imparts upon him the obligation to abide by the negotiated terms of his sentence).

*Id*. at 249 (citing *Commonwealth v. Wallace*, 870 A.2d 838, 843 n.6 (Pa. 2005)).

Although the defendant in *Partee* did not address the Commonwealth's argument regarding the effect of his violation of probation on the terms of his original plea agreement, we disagree with Kacprzyk that the *Partee* court's holding on this matter is dicta. *See* Kacprzyk's Brief at 15. Rather, our review of *Partee* reveals that the defendant's violation of probation was the basis for its decision. *See Partee*, 86 A.3d at 249-50. Therefore, we conclude that the trial court did not err in determining that his probation violation prevents Kacprzyk from enforcing the plea agreement. Contrary to Kacprzyk's assertion that his probation violation should not prevent him from enforcing the plea agreement with the Commonwealth and that "nothing was said that continued [] Kacprzyk's duties under the contract beyond the entry of the plea[,]" Kacprzyk's Brief at 13, 19, our holding in *Partee* demonstrates that the nature of a plea agreement imposes continued duties and obligations on both the defendant and Commonwealth. *See Partee*, 86 A.3d at 249 (citing *Wallace*, 870 A.2d at 843 n.6). Thus, the plea agreement was no longer enforceable after Kacprzyk's probation violation.

Kacprzyk argues that even if his probation violation voids his plea agreement, the trial court is bound by the 10-year registration period. Kacprzyk's Brief at 22. Kacprzyk cites to 42 Pa.C.S.A. § 9771(b), which provides that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" *Id.*; Kacprzyk's Brief at 22. Kacprzyk argues that "[s]ince the trial court during the initial sentencing did not have the ability to impose a registration period longer than ten years, it could not do so again upon resentencing for a probation violation." *Id.* at 24-25.

Kacprzyk correctly cites to 42 Pa.C.S.A. § 9771(b) as governing law for resentencing a defendant following the revocation of an order of probation. "[T]his Court has held that the revocation of probation places a defendant in the same position he was in at the time of the original sentencing. Thus, upon revocation of probation, the sentencing court has all of the alternatives available at the time of the initial sentencing." *Commonwealth v. Mazzetti*, 44 A.3d 58, 61 (Pa. Super. 2012) (internal citations omitted) (citing *Wallace*, 870 A.2d at 838, 842-43; 42 Pa.C.S.A. § 9771(b)).

At the time of Kacprzyk's initial sentencing hearing, Megan's Law II, 42 Pa.C.S.A. § 9791, *et seq*. (repealed December 20, 2012), provided two terms of registration: a 10-year requirement and a lifetime requirement. 42 Pa.C.S.A. § 9795.1 (repealed December 20, 2012). A conviction of sexual

abuse of children required a 10-year registration period. *Id*. Thus, at Kacprzyk's resentencing hearing, he was subject to a 10-year registration period.

However, as of January 24, 2012, the date of the hearing for Kacprzyk's first probation violation, Pennsylvania's Megan's Law statute had been replaced by SORNA. Under SORNA, sexual abuse of children mandates a 15-year registration period. *See* 42 Pa.C.S.A. § 9799.15. In addition, Section 9799.13 provides that the SORNA registration requirements apply retroactively to "[a]n individual who[] was required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012." 42 Pa.C.S.A. § 9799.13(3). Section 9799.13(3.1)(i)(C) also applies the SORNA registration requirements retroactively to "[a]n individual who between January 23, 2005, and December 19, 2012, was[] under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense." 42 Pa.C.S.A. § 9799.13(3.1)(i)(C).

In this case, Kacprzyk had not fulfilled the 10-year period of registration as of December 20, 2012. In addition, Kacprzyk was under the supervision of the Pennsylvania Board of Probation and Parole beginning on October 12, 2010 as a result of a conviction of sexual abuse of children. Sexual abuse of children is considered to be a tier 1, sexually violent

offense.    42  Pa.C.S.A.  §§  9799.14(b)(9),  9799.15(a)(1).    Consequently, Kacprzyk  became  subject  to  the  retroactive  application  of  SORNA's registration requirements pursuant to sections 9799.13(3) and (3.1)(i)(C), which  results  in  a  15-year  registration  requirement.    42  Pa.C.S.A.  §§ 9799.13(3), (3.1)(i)(C); 42 Pa.C.S.A. § 9799.15(a)(1).

The Commonwealth argues, and we agree, that the "sentencing court possesses  no  authority  over  the  registration  process  [under  SORNA]." Commonwealth's Brief at 16.  Section 9799.23(b)(2) specifically states that "the court shall have no authority to relieve a sexual offender from the duty to  register  under  this  subchapter  or  to  modify  the  requirements  of  this subchapter  as  they  relate  to  the  sexual  offender."    42  Pa.C.S.A.  § 9799.23(b)(2).  Accordingly, the trial court had no authority in this case to modify the 15-year registration requirement.

As a result, for the reasons discussed herein, we conclude that the trial court did not err in refusing to enforce and uphold the 10-year sex offender registration period.

Finally, Kacprzyk argues that SORNA registration requirements and retroactive application of SORNA registration requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Kacprzyk's Reply Brief at 8.  Kacprzyk argues that SORNA's registration requirements are punitive and not collateral consequences of a conviction. *Id.* at 8-9.  A review of the record reflects that Kacprzyk presented this

challenge for the first time on appeal. It is well settled under the Rules of Appellate Procedure that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, in his concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Rules of Appellate Procedure, Kacprzyk expressly states that he is not challenging the constitutionality of SORNA. As this Court has held, "[w]here the trial court orders an [a]ppellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925, any issue not contained in that statement is waived on appeal." **Commonwealth v. Rolan**, 964 A.2d 398, 409 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Accordingly, Kacprzyk waived this issue.[1]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

---

[1] This Court has already ruled that the retroactive application of SORNA does not violate the *ex post facto* clause of the United States Constitution. **Commonwealth v. Perez**, 97 A.3d 747 (Pa. Super. 2014). We also note that Kacprzyk's constitutional challenge to SORNA is woefully underdeveloped.

J-A29002-14

Date: 11/7/2014