654 A.2d 1168

COMMONWEALTH of Pennsylvania, Appellee,

v.

Douglas N. KROH, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 7, 1994.

Filed Feb. 22, 1995.

2

Douglas N. Kroh, pro se.

Ronald T. Williamson, Deputy Atty. Gen., Norristown, for Com., appellee.

Before POPOVICH, FORD ELLIOTT and MONTGOMERY, JJ.

POPOVICH, Judge:

This appeal from the order of the Court of Common Pleas of Perry County denying appellant's petition for specific performance of his plea agreement, provides us with an opportunity to review an action which is quite different from most attempts by defendants to enforce the terms of a plea agreement. Herein, the lower court *actually accepted the bargain and properly sentenced appellant in compliance with the terms of the agreement.* Nevertheless, appellant is convinced that the Commonwealth has breached the terms of his plea bargain by seeking to compel him to testify in a civil forfeiture action against the property of one of his co-conspirators. Upon review, we agree with appellant and reverse the order of the court below.

Appellant was charged with four counts of possession of marijuana with the intent to deliver, 35 Pa.S.A. § 780–113(a)(30), two counts of corrupt organizations, 18 Pa.C.S.A. § 911, and one count of criminal conspiracy, 18 Pa.C.S.A. § 903. The charges stemmed from appellant's involvement in an organization which shipped large quantities of marijuana from Texas to Perry County for repackaging and distribution in central Pennsylvania.

Police intelligence indicated that appellant's residence was the source of several controlled purchases of one-ounce packages of marijuana. Subsequently, on January 2, 1992, a controlled purchase of a quarter-pound of marijuana from appellant's residence was made. A search warrant was then obtained, and, on January 3, 1994, police executed the warrant. Appellant and his cousin, Lewis Kroh, were present during the search, and a quarter-pound of marijuana and $721.00 were seized from the person of Lewis Kroh. Later, after being advised of his constitutional rights, appellant gave a detailed

4

confession implicating himself and others, including Victor McCoy, Roberto Mendez and Robert Rose, in an extensive marijuana trafficking enterprise. In addition to confessing, appellant turned over to the authorities eight pounds of marijuana and approximately $13,000.00 in proceeds from the sale of marijuana which he was storing for Victor McCoy.

Appellant agreed to cooperate with the police in their investigation of the involvement of Roberto Mendez, Victor McCoy and Robert Rose in the marijuana distribution scheme. In exchange for his cooperation, appellant was offered the following plea bargain by the Drug Prosecution and Forfeiture Section of the Attorney General's Office, as set forth in the letter of September 28, 1992, from Deputy Attorney General Ronald T. Williamson:

> The purpose of this letter is to notify you directly of the terms and conditions of your guilty plea to and sentence on various criminal offenses with which you have been charged by the Commonwealth of Pennsylvania; these terms and conditions were negotiated on your behalf by your attorney, Mr. Walz. These offenses concern your guilt with respect to marijuana trafficking in violation of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act and the Crimes Code.

> It is hereby agreed that you will enter a plea of guilty to three counts of possession with intent to deliver marijuana [35 P.S. Sec. 780–113(a)(30) ]; one count of criminal conspiracy to deliver marijuana [18 Pa.C.S. Sec. 903]; and one count of corrupt organizations conspiracy [18 Pa.C.S. Sec. 911(b)(4) ]. The two remaining counts, one count of corrupt organizations and a count of possession with intent to deliver marijuana will be withdrawn by the Commonwealth. In addition, the Commonwealth will agree to the modification of your bail to one hundred thousand dollars ($100,-000.00) ROR conditioned upon your agreement by signing this letter to cooperate in connection with this matter referred to later on in this letter.

> In addition to agreeing to plead guilty to the above mentioned offenses in the preceding paragraph you hereby

promise and agree, if requested by the Commonwealth, to testify truthfully, whenever so requested, about your complete knowledge concerning the involvement of Roberto Mendez, James Victor McCoy, Robert C. Rose, and any other individuals involved in marijuana trafficking of which you were a part and a conspirator. In addition to testifying truthfully on behalf of the Commonwealth at any proceeding relating to this matter, you will cooperate and do all things deemed necessary by Pennsylvania law enforcement authorities, including but not limited to being present for any interviews that may be necessary to take of you regarding your knowledge surrounding this marijuana trafficking conspiracy or anything else in connection with any additional investigation that may be required relating to these offenses to which you are pleading guilty. Your sentencing on your guilty plea to your offenses enumerated in this letter will be deferred until such time as your cooperation with the Commonwealth of Pennsylvania is no longer required.

In the event that you fulfill your promise to cooperate and assist in the apprehension and/or conviction of Roberto Mendez, James Victor McCoy, Robert C. Rose and others involved in the marijuana trafficking conspiracy, the Commonwealth has agreed that your total sentence on these charges will not exceed a minimum of twenty nine and a half (29½) months to a maximum of fifty nine and a half (59½) months incarceration. Your sentence is not dependent upon the conviction of the above individuals. The only requirement is that you testify truthfully and fully without withholding any evidence of which you have knowledge. In addition, it is also agreed that you will not contest the forfeiture petition filed against you with regard to the United States currency seized from you in connection with this matter. The amount of currency seized is fourteen thousand six hundred ten ($14,610.00) dollars. By signing this letter you specifically agree to the forfeiture of that amount to the Commonwealth of Pennsylvania.

Your attorney will be free to make an argument to the Court based upon your cooperation that the Court should

sentence you to less of a sentence than twenty nine and a half (29½) months to fifty nine and a half (59½) months. By the same token, at sentencing, the Commonwealth, if so inclined, is free to recommend that you be sentenced up to the maximum of twenty nine and a half (29½) months to fifty nine and a half (59½) months as a result of your guilty plea to these charges.

As to your personal safety upon sentencing, the Commonwealth of Pennsylvania also agreed that, if you should so choose, the Commonwealth will take steps to place you in any state penitentiary facility of your choosing if you request that your sentence be served in a state correctional facility as opposed to a county prison.

It is also specifically understood by you that the testimony and evidence that you may be required to give will be in accordance with the affidavit of probable cause marked "Attachment B" in which information attributed to you was provided by you to the police, when you commenced your cooperation on January 3, 1992. A copy of that attachment consisting of twenty (20) pages is made an attachment of this letter and specifically a part of this plea agreement.

If it is determined that you have been dishonest, untruthful, or have withheld information from the Commonwealth of Pennsylvania in connection with the investigation and prosecution of the individuals and criminal offenses referred to in this letter, this guilty plea and sentencing agreement shall be null and void.

After all of the other members of the marijuana distribution organization pleaded guilty and were sentenced on various charges arising out of the drug trafficking, appellant was sentenced on June 28, 1993. This delay in sentencing complied with a term of the plea bargain which expressly deferred appellant's sentencing until his "cooperation with the Commonwealth [was] no longer required."

At the sentencing hearing, the Commonwealth confirmed that appellant had "cooperated fully with the Commonwealth" as was required by the plea bargain. The Commonwealth

characterized appellant's cooperation as "substantial." Further, the Commonwealth recommended a sentence of twenty-four to fifty-nine and one-half months which was lower than the maximum which the Commonwealth could have suggested under the terms of the plea agreement. The lower court then sentenced appellant to twenty-four to fifty-nine and one-half months incarceration in Perry County prison and fined appellant a sum of $1,000.00. In addition, appellant forfeited $14,610.00 in proceeds from the sale of marijuana.

Approximately one month after appellant's sentencing, the Commonwealth initiated forfeiture proceedings against the property of Victor McCoy. The Commonwealth then sought the aid of appellant in the prosecution of the civil forfeiture action. On January 25, 1994, appellant filed a *pro se* "Petition for Specific Performance of Plea Agreement", and an amended petition was later filed with the aid of counsel.

In his petition, appellant argued that it would be a breach of the terms of the plea bargain for the Commonwealth to subpoena him to testify in the forfeiture action against Victor McCoy. Appellant emphasized that the plea agreement required his cooperation only in the criminal prosecutions of McCoy, Mendez and Rose. As further evidence that he could not be compelled to testify in the civil action against McCoy's property, appellant cited the provision of the plea bargain which stated he would not be sentenced until after his "cooperation with the Commonwealth [was] no longer required."

On the other hand, the Commonwealth submitted that both parties had fully complied with the terms of the plea agreement. The Commonwealth argued that the plea bargain dealt solely with appellant's cooperation in criminal actions and did not relate to appellant's cooperation in any civil forfeiture actions. The Commonwealth contended that appellant is subject to the subpoena powers of the court in the civil forfeiture action, and, if appellant does not desire to testify, he should simply file a motion to quash the subpoena in accordance with Pa.R.C.P. 234.4.

8

Upon consideration of appellant's motion, the lower court denied the petition for specific performance. The court reasoned that both appellant and the Commonwealth complied with the terms of the plea agreement, and appellant had been sentenced accordingly. Nevertheless, the court believed that the Commonwealth could subpoena appellant to testify in the forfeiture action; and it denied appellant's requested relief.

In this appeal, both parties present the same arguments. Appellant, in essence, asks this court to enter a protective order which estops the Commonwealth from compelling appellant's attendance and testimony at McCoy's civil forfeiture proceeding. Appellant does not desire to withdraw his guilty plea but, rather, seeks the benefit of his plea bargain. Thus, the question we must first answer is what exactly were the terms of the plea agreement between appellant and the Commonwealth.[1]

As our Supreme Court stated in *Commonwealth v. Zuber,* 466 Pa. 453, 457–58, 353 A.2d 441, 443–444 (1976):

"While it is true that the practice of plea bargaining is looked upon with favor, *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A.2d 699 (1966), the integrity of our judicial process demands that certain safeguards be stringently adhered to so that the resultant plea as entered by a defendant and accepted by the trial court will always

---

1. We treat appellant's *pro se* "Petition For Specific Performance Of Plea Agreement" as a petition for post-conviction relief under the terms of the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* Appellant is, in effect, arguing that his guilty plea was unlawfully induced, and, thus, he has proffered a cognizable claim pursuant to 42 Pa.C.S.A. § 9543(a)(2)(iii). *Cf., Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976) (post-conviction petition for relief raises cognizable claim where defendant contends his guilty plea was involuntary because of breached plea bargain); *Commonwealth v. Shekerko,* 432 Pa.Super. 610, 639 A.2d 810 (1994).

In addition, appellant appears to contend that the evidence was insufficient to sustain his conviction for corrupt organizations, 18 Pa.C.S.A. § 911. Appellant has waived this issue for appellate review by failing to file a motion to withdraw his guilty plea to that charge, failing to file a direct appeal and failing to raise this issue in his original petition now before this court. See generally, 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b).

be one made voluntarily and knowingly, with a full understanding of the consequences to follow. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

\*    \*    \*    \*    \*    \*

Most pertinent to the instant appeal is the requirement that when counsel for both sides enter into a plea agreement, the terms of that agreement must be stated in open court. *See*, Pa.R.Crim.P. § 319(b)(2), *amended* and *effective* March 28, 1973, 19 P.S.Appendix; *Commonwealth v. Alvarado*, 442 Pa. 516, 519, 276 A.2d 526, 528 (1971); *Commonwealth v. Wilkins*, 442 Pa. 524, 277 A.2d 341 (1971); *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30, 31 (1972).

Moreover, there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. *Santobello v. New York, supra; Commonwealth v. Alvarado, supra; Commonwealth v. Wilkins, supra.* Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

Therefore, in Pennsylvania, it is well settled that "where a plea bargain has been entered in to and is violated by the Commonwealth, the defendant is entitled, at least, to the *benefit of the bargain.*" *Commonwealth v. Zakrzewski*, 460 Pa. 528, 533, 333 A.2d 898, 900 (1975) (emphasis added). *See also, Commonwealth v. Porreca*, 389 Pa.Super. 553, 560, 567 A.2d 1044, 1048 (1989); *Commonwealth v. Fruehan*, 384 Pa.Super. 156, 158, 557 A.2d 1093, 1094 (1989); *Commonwealth v. Williams*, 333 Pa.Super. 77, 481 A.2d 1230 (1984).

When determining precisely what the terms of a plea agreement were, we are guided by the analysis concisely set forth in *United States v. Hall*, 730 F.Supp. 646, 650 (M.D.Pa.1990):

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under

10

contract-law standards. *United States v. Moscahlaidis,* 868 F.2d 1357, 1361 (3d Cir.1989). Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. *United States v. Nelson,* 837 F.2d 1519, 1522 (11th Cir.), rehearing denied 845 F.2d 1032 (1988); see also *United States v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985) cert. denied 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication. *United States v. Grant,* 622 F.2d 308, 312 (8th Cir.1980).

Any ambiguities in the terms of the plea agreement will be construed against the Government. *[United States v. ] Crusco,* 536 F.2d [21] at 25 [3d Cir.1976]. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. See *United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir.1980).

See also, *Fruehan,* 557 A.2d at 1094–1095, *quoting, Paradiso v. United States,* 689 F.2d 28, 31 (2d Cir.1982) *(per curiam ), cert. denied,* 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983), *quoting, United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979) (When assessing whether a particular plea agreement has been breached, we look to "what the parties to this agreement reasonably understood to be the terms of the agreement.").

■ Thus, we must ascertain the precise terms of the plea agreement. Upon review, certain terms of the bargain are clear. The Commonwealth agreed that appellant's sentence would not exceed a minimum of twenty-nine and one-half months nor a maximum of fifty-nine and one-half months and that appellant could select his place of incarceration, either a state penitentiary or a county prison. The Commonwealth also agreed that appellant's bail would be reduced to "$100,-000.00 ROR", while the charges were pending. In addition, the Commonwealth agreed to withdraw one count of corrupt organizations and one count of possession of a controlled substance with the intent to deliver.

In exchange, appellant agreed to plead guilty to one count of corrupt organizations, one count of criminal conspiracy and three counts of possession of marijuana with the intent to deliver. Appellant also agreed to forfeit $14,610.00, which was seized from appellant in connection with the investigation. Appellant also clearly agreed to cooperate fully in the criminal investigations of McCoy, Mendez and Rose, and to testify truthfully in their prosecutions.

Neither party disputes that both complied with all of the foregoing terms of the plea agreement. However, the question remains whether the plea bargain also governed appellant's cooperation in any civil forfeiture action which might arise from the marijuana trafficking investigation. Upon review of the written plea agreement, we find the following language is controlling:

> In addition to agreeing to plead guilty to the above enumerated offenses in the preceding paragraph you hereby promise and agree, if requested by the Commonwealth, to testify truthfully, whenever so requested, about your complete knowledge concerning the involvement of Roberto Mendez, James Victor McCoy, Robert C. Rose, and any other individuals involved in marijuana trafficking of which you were a part and a conspirator. In addition to testifying truthfully on behalf of the Commonwealth at *any proceeding* relating to this matter, you will cooperate and do all things deemed necessary by Pennsylvania law enforcement authorities, including but not limited to being present for any interviews that may be necessary to take of you regarding your knowledge surrounding this marijuana trafficking conspiracy or be required relating to these offenses to which you are pleading guilty. *Your sentencing on your guilty plea to your offenses enumerated in this letter will be deferred until such time as your cooperation with the Commonwealth is no longer required.* (Emphasis added.)

We are convinced that the above-quoted language was sufficiently broad enough to have enabled the Commonwealth to compel appellant to testify in any civil forfeiture proceeding arising out of the marijuana trafficking conspiracy. However,

12

the Commonwealth also included in the plea agreement a very specific time limitation to appellant's mandatory cooperation: once appellant was sentenced, he was no longer obligated to cooperate with the Commonwealth in any proceeding related to this matter.

Although the agreement is ambiguous in that it does not specifically state that appellant *cannot* be compelled to testify in civil forfeiture proceedings after sentencing, we will construe this ambiguity against the Commonwealth. *See, Krasn, supra; Hall, supra.* It is certainly reasonable that appellant believed his mandatory cooperation in "any proceeding related to this matter" ended upon his sentencing. *See, Fruehan, supra* (in assessing plea agreement, look to what the parties reasonably understood to be the terms of the agreement).

Undoubtedly, the civil forfeiture action against Victor McCoy is related to his criminal prosecution, see, 42 Pa.C.S.A. § 6801(a)(6)(C) (Controlled substance forfeitures), and the Commonwealth, if appellant's testimony is necessary, should have proceeded against the McCoy's property before appellant was sentenced. Simply put, it would be a breach of the plea bargain for the Commonwealth to compel appellant to testify in any proceedings, *criminal or civil,* now that appellant has been sentenced. *Cf. Hall, supra* (summary judgment in civil penalty case was granted in favor of defendant who had entered pleas in related criminal action and was informed that no other investigations were known to the authorities; government breached plea agreement by filing civil action).

Since we have determined that the Commonwealth has breached (or is about to breach) its plea agreement with appellant, we conclude that appellant did not enter his plea in a knowing and voluntary manner. *Cf., Zuber, supra* (Commonwealth's legal inability to fulfill promise made in plea bargain resulted in breach of agreement and defendant's guilty plea was not knowing and voluntary); *Williams, supra* (Commonwealth's act of recommending sentence was a breach of plea agreement whereby Commonwealth agreed to stand mute, and defendant allowed to withdraw guilty plea). We

must decide which remedy is best suited for appellant: either to permit him to withdraw his guilty plea or to order specific performance of the plea agreement by the Commonwealth. Herein, appellant merely seeks the benefit of his bargain. Accordingly, we will honor his request by directing the Commonwealth to cease any further attempts to elicit information from appellant concerning events related to his convictions. The Commonwealth agreed that appellant would not be required to testify in matters related to the marijuana trafficking conspiracy after he was sentenced, and, now, it must abide by its agreement as appellant has. *See, Santobello,* 404 U.S. at 264, 92 S.Ct. at 499; *Zuber, supra; Fruehan, supra; Williams,* 481 A.2d at 1234, *citing, Santobello,* 404 U.S. at 267, 92 S.Ct. at 501; *Commonwealth v. Walters,* 9 D. & C.4th 6 (1990), *affirmed,* 418 Pa.Super. 638, 606 A.2d 1234 (*1991*), *allocatur denied,* 530 Pa. 642, 607 A.2d 253 (1992).

Order reversed. Case remanded. Jurisdiction relinquished.

FORD ELLIOTT, J. notes dissent.