J. A15038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LEONID ZELDICH, :
:
Appellant : No. 2641 EDA 2014

Appeal from the Order August 14, 2014
In the Court of Common Pleas of Bucks County
Criminal Division No(s).: CP-09-CR-0006495-2008

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED DECEMBER 07, 2015**

Appellant, Leonid Zeldich, appeals from the order entered in the Bucks County Court of Common Pleas denying his petition to enforce his plea agreement or for a writ of *habeas corpus*. Appellant claims his 2009 plea agreement included a bargain for a ten-year period of sexual offender's registration and he should not be subject to the current lifetime registration requirement under the Sex Offender Registration and Notification Act ("SORNA").[1] We affirm.

We adopt the trial court's summary of the facts underlying Appellant's conviction for attempted aggravated indecent assault,[2] as well as simple

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.41 (effective Dec. 20, 2012).

[2] 18 Pa.C.S. §§ 901(a), 3125(a)(1).

assault and terroristic threats.[3]  **See** Trial Ct. Op., 11/25/14 at 1-2.  When negotiating the instant plea agreement,[4] the Commonwealth, in relevant part, offered to *nol pros* charges of attempted involuntary deviate sexual intercourse and involuntary deviate sexual intercourse.[5]  **See** N.T. Guilty Plea, 4/20/09, at 19.  Additionally, the Commonwealth offered to amend Count I of the information from a charge of attempted sexual assault[6] to attempted aggravated indecent assault.  **See id.**  There was no agreement as to sentencing.

Appellant appeared at a plea hearing on April 20, 2009.  After the trial court accepted Appellant's plea, the Commonwealth stated, "Commonwealth is requesting sentence for Megan's Law."[7]  **Id.** at 19-20.  The court apprised

---

[3] 18 Pa.C.S. §§ 2701(a)(1), 2706(a)(1).  The charges of simple assault and terroristic threats were listed as Counts II and III on the information.  Neither of these counts are relevant to the issue in this appeal.

[4] Jack McMahon, Esq., represented Appellant in his plea proceedings, and Mary Maran, Esq., appeared as substitute counsel on Attorney McMahon's behalf at sentencing.

[5] 18 Pa.C.S. §§ 901(a), 3123(a)(1)-(2).  The information filed against Appellant listed the above referenced charges as Counts IV and V.  Additionally, the Commonwealth agreed to *nol pros* Counts VI through IX relating to burglary, 18 Pa.C.S. § 3502(a), criminal trespass, 18 Pa.C.S. § 3503, unlawful restraint, 18 Pa.C.S. § 2902(a), and harassment, 18 Pa.C.S. § 2709(a)(1).

[6] 18 Pa.C.S. §§ 901(a), 3124.1.

[7] At the time of his plea, Appellant was subject to the reporting requirements in 42 Pa.C.S. §§ 9791-9792 and 42 Pa.C.S. §§ 9795.1-9799.9, commonly known as "Megan's Law III."  That version of the law required a ten-year registration period for those convicted of a single attempt to commit a sexual offense.  42 Pa.C.S. § 9793(b)(2).  However, an offender could be

Appellant of the possible registration requirements of his plea.[8] *Id.* at 21-28. Appellant confirmed he understood his plea carried a possible ten-year registration period or lifetime registration if the court found him to be an SVP. *Id.* at 27. Appellant made no other statements regarding sexual offender's registration at the plea hearing. *See id.* The record of the plea hearing contained no other reference to a ten-year registration period. *See id.* The court deferred sentencing and ordered an SVP assessment by the Sexual Offenders Assault Board ("SOAB"). *Id.* at 19, 26.

On September 22, 2009, the trial court convened an SVP and sentencing hearing. The court noted the SOAB examiner determined Appellant did not meet the criteria for SVP status. N.T. Sentencing,

---

subject to lifetime registration period if he was found to be a sexually violent predator ("SVP"). *See* 42 Pa.C.S. § 9795.1(b)(2).

[8] Appellant also completed a written notice form that was attached as an addendum to his guilty plea statement. Paragraph 10 of that form stated:

> I understand that if I have two or more convictions of any of the offenses set forth in 42 Pa.C.S.A. Section 9795.1(a) or if I am convicted of [rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, incest where the victim is under twelve years of age]; or if I am designated by the Court as a sexually violent predator that I will be subject to lifetime registration. Otherwise the period of registration shall be ten (10) years.

Addendum to Guilty Plea Statement, Registration of Sexual Offenders: 42 Pa.C.S. § 9791, *et seq.*, 4/20/09, at ¶ 10. Appellant initialed the paragraph and signed the bottom of the form. The trial court, when apprising Appellant of the registration requirements, reread the text of the form to him.

9/22/09, at 5. In response, the Commonwealth stated, "[t]hat being the case, [Appellant] would be subject to a ten-year reporting requirement." ***Id.*** The court sentenced Appellant to two-and-a-half to ten years' imprisonment for attempted aggravated indecent assault.[9] ***Id.*** at 34. It found Appellant was not an SVP and ordered him to comply with a ten-year sexual offender's registration requirement.[10] ***Id.*** at 36-37.

On December 20, 2012, SORNA took effect. Appellant was serving his sentence on that date.[11] SORNA classifies attempted aggravated indecent assault as a Tier III sexually violent offense, which carries a lifetime registration requirement. 42 Pa.C.S. §§ 9799.12, 9799.14(d)(7), (14). Authorities informed Appellant of this new registration requirement. On

---

[9] The court imposed no further penalties on the remaining counts.

[10] Appellant filed, but subsequently withdrew, an appeal from the judgment of sentence. He then filed a timely Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, petition asserting counsel's ineffectiveness during sentencing, which the PCRA court received on December 17, 2009. On March 26, 2010, the PCRA court denied relief following a hearing. Appellant did not appeal.

[11] SORNA requires "[a]n individual who, on or after the effective date of this section, is, as a result of a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth . . ." to register. 42 Pa.C.S. § 9799.13(2). SORNA abolished a distinction in Megan's Law III between completed and inchoate crimes. ***Compare*** 42 Pa.C.S. § 9799.14(d)(14), ***with*** 42 Pa.C.S. § 9793(b)(2).

November 7, 2013, Appellant, through present counsel,[12] filed the instant petition to enforce his plea agreement or for a writ of *habeas corpus*.

The trial court heard arguments on Appellant's petition on December 19, 2013. N.T. *Habeas* Proceeding, 12/19/13, at 5. The Commonwealth argued Appellant's filing constituted an untimely PCRA petition and the court therefore lacked jurisdiction to consider it. ***Id.*** On December 31, 2013, the court dismissed Appellant's petition without considering its merits. Appellant filed a timely motion for reconsideration on January 10, 2014, arguing the time limitations of the PCRA did not apply. On January 12, 2014, the trial court scheduled argument but granted the Commonwealth's request for a continuance.

During the continuance, this Court decided ***Commonwealth v. Bundy***, 96 A.3d 390 (Pa. Super. 2014). In ***Bundy***, we reiterated, "the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of Megan's Law." ***Id.*** at 394.

The trial court heard arguments on Appellant's motion for reconsideration on August 11, 2014, concluded it had jurisdiction to consider Appellant's request for relief, and permitted the parties to submit evidence.

---

[12] Present counsel, Stan Shnayder, Esq., filed the instant petition on behalf of Appellant.

N.T. Reconsideration, 8/11/14, at 4. The parties thereafter entered the following stipulations:

> 1. [I]f [Appellant] were called to testify, he would state that,
>
>> a. On the day of his guilty plea, [Appellant] was told by his attorney at the time . . . that [the attorney] had just spoken to the district attorney and the district attorney had made an offer to withdraw all charges which were subject to Megan's Law except Attempted Aggravated Indecent Assault. [Appellant] was told [this] would mean that (1) [the sentencing] guidelines would be reduced and (2) his period of registration would only be 10 years rather than lifetime.
>>
>> b. He would not have pleaded guilty to charges that would have required lifetime registration.
>
> 2. [I]f [the] Deputy District Attorney . . . were called to testify, he would state that:
>
>> a. . . . During plea negotiations [Appellant's counsel's] concern was [Appellant's] exposure to a lengthy prison sentence and therefore [Appellant's counsel's] focus was to reduce [the applicable] sentencing guidelines. The issue of the Megan's Law registration period was not a focus of the plea negotiations and the [deputy district attorney] does not have a recollection of discussing the registration period with [Appellant's counsel]. However, at the time the charges were reduced, the DA's office was fully aware that [Appellant]'s registration period under Megan's Law would only be 10 years unless he was determined to be a Sexually Violent Predator.

Stipulation of Parties ("Stipulation"), 8/11/14, at ¶¶ 1(a)-(b), 2(a).

Appellant's present counsel argued,

> [Appellant] was looking to reduce his jail exposure. But . . . there was no agreement of any kind with regards to what the sentence would be. . . . And the only thing

> that was stated [about sexual offender's registration] on the record at sentencing [was] that it is in fact a ten-year registration [requirement for attempted aggravated indecent assault].
>
> [N]obody stated specifically that [a ten-year registration requirement] is what we bargained for because nobody saw [the Sex Offender Registration and Notification Act, which became effective in 2012,] coming into effect . . . . Everyone was under the assumption . . . if it's a ten-year registration, it's going to be a ten-year registration.

N.T. Reconsideration at 10-11.

On August 14, 2014, the trial court denied Appellant's petition, concluding, "a ten-year period of registration was not a material term of Appellant's agreement." Trial Ct. Op. at 12. This timely appeal followed.[13]

Appellant raises one issue for our review,

> DID THE LOWER COURT ERR IN DENYING APPELLANT'S MOTION TO ENFORCE HIS PLEA AGREEMENT WHERE ALL PARTIES TO THE PLEA AGREEMENT REASONABLY UNDERSTOOD THAT APPELLANT WOULD ONLY HAVE TO REGISTER AS A SEX OFFENDER FOR TEN YEARS AND NOT FOR LIFE.

Appellant's Brief at 2.

We summarize Appellant's argument as follows. The trial court erred when it denied his motion to enforce his plea agreement. *Id.* at 6. Whether and for how long a defendant must register as a sexual offender are always fundamental terms of an agreement to plead guilty to sexual offenses. *Id.* All parties to the underlying plea agreement understood Appellant would

---

[13] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement to which the trial court issued a responsive opinion.

register as a sexual offender for ten years, not for life. *Id.* During plea negotiations, Appellant believed his registration period would be ten years. *Id.* at 5. We conclude no relief is due.

Preliminarily, we agree with the trial court that a petition to enforce an alleged term on the subject of sexual offender's registration in a plea agreement is not subject to the PCRA. *See Bundy*, 96 A.3d at 394. Thus, the trial court had jurisdiction to consider the merits of Appellant's petition, and this appeal is properly before us. *See id.*

Our review of a claim that a party has breached a plea agreement requires contract law analysis. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super 2013), *appeal denied*, 95 A.3d 276 (Pa. 2014).

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary . . . . However, we are bound by the trial court's credibility determinations.

*Gillard v. Martin*, 13 A.3d 482, 487 (Pa. Super. 2010) (citations omitted).

Parties must state the terms of a plea agreement on the record and in the presence of the defendant. Pa.R.Crim.P. 590(B)(1). "If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Hainesworth*, 82 A.3d at 449 (citation omitted). Therefore, when the Commonwealth promises to include a term in a plea agreement as inducement or consideration, enforcement of that term is a

matter of fundamental fairness. *Id.* "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas." *Id.* (citation omitted).

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted).

In *Hainesworth*, we affirmed a trial court's order to enforce a plea agreement that avoided sexual offender's registration requirements for the defendant. *Hainesworth*, 82 A.3d at 450. As part of the bargain in that case, the Commonwealth withdrew every charge requiring sexual offender's registration. *Id.* at 448. Moreover, the Commonwealth repeatedly assured the defendant and the trial court that it was not seeking registration:

> [COURT ASSISTANT:] Is this Megan's Law?
>
> [THE COMMONWEALTH:] It is not Megan's Law. . . .
>
> [THE COURT:] These are felony sexual assault and they're not Megan's Law?
>
> [THE COMMONWEALTH: T]hey are not. They're statutory—
>
> [THE COURT:] Statutory sexual assault, felony two.

9

[THE COMMONWEALTH:] Is not Megan's Law.

*Id.* at 447-48. Based on such objective evidence in the record, we determined that the parties negotiated a plea that would not require the defendant to register as a sex offender. *Id.* at 450. We thus held the imposition of a registration requirement, based on a subsequent change in law, would breach the plea agreement. *Id.*

In *Commonwealth v. Nase*, 104 A.3d 528 (Pa. Super. 2014), *appeal filed*, 922 MAL 2014 (Pa. Dec. 11, 2014). This Court reversed the trial court's determination that the terms of a plea agreement did not include a specific period of registration. *Id.* at 535. In *Nase*, the defendant bargained to plead to, *inter alia*, unlawful contact with a minor. *Id.* at 528. At the time, conviction for that offense carried a ten-year registration requirement. *Id.* When SORNA took effect, the registration period for unlawful contact increased from ten to twenty-five years. *Id.* at 528-29. The defendant filed a motion for specific performance of a ten-year registration period. *Id.* at 529. The trial court denied the defendant's petition. *Id.* at 528.

On appeal, the *Nase* Court observed,

> At the plea hearing, counsel for [the defendant] stated, "he's aware that Count VI of the Information—because Count I does not have it, Count VI was added, and that carries a 10–year reporting requirement of Megan's Law." Counsel added, "we actually discussed at length that statutory Count I does not carry a Megan's Law charge

with it. That's why Count VI was added, and he is in full agreement with that."

*Id.* at 534 (citations omitted). Further, we observed the Commonwealth, at sentencing, notified the defendant of a ten-year registration requirement and the defendant's counsel asserted, "'[The defendant] and I several months ago actually went over all of the specific registration requirements of Megan's Law.'" *Id.* (citation omitted).

On appeal, the Commonwealth conceded it "requested [the defendant] to plead guilty to unlawful contact with a minor precisely so that he would be subject to registration." *Id.* It, however, asserted that "the length of the registration was not a part of the agreement, only the fact of registration." *Id.* at 532. The ***Nase*** Court rejected the Commonwealth's argument and concluded, "[T]he record in this case does establish that a ten-year period of registration was part of [the] plea agreement." *Id.* at 534. We reasoned:

> To suggest that [the defendant] did not contemplate a ten-year period of registration and expressly agree to that term by pleading guilty to unlawful contact with a minor is contrary to the record. . . . To the extent that the Commonwealth asserts that registration was not part of the plea agreement, such a position is belied by the fact that [the defendant] expressly agreed to plead guilty to unlawful contact with a minor so as to be subject to the then-extant registration period. . . . Since the law at that time mandated registration for a period of ten years, that period of registration was contemplated as part of his plea agreement.

*Id.* (citations omitted). We thus held the defendant was entitled to the benefit of the bargain for a ten-year registration period. *Id.* at 534-35.

11

In **_Commonwealth v. Giannantonio_**, 114 A.3d 429 (Pa. Super. 2015), we affirmed the trial court's conclusion that a defendant was subject to an increased sexual offender's registration period under SORNA, notwithstanding a federal plea agreement. **_Id._** at 435-36. In that case, the defendant's federal "guilty plea required [him] to register and report pursuant to the law of the state in which he would reside following his release . . . ." **_Id._** at 435. The defendant established residence in Pennsylvania upon his release from federal prison in 2007 and complied with the ten-year registration requirement in effect at the time. **_Id._** at 432. In 2012, SORNA increased the applicable registration period to fifteen years. **_Id._** at 433. He sought specific performance of a ten-year registration requirement in response, alleging it was a term of his federal plea agreement. **_Id._** at 435. The trial court denied his petition. **_Id._** at 432.

On appeal to this Court, the defendant, in relevant part, asserted he was entitled to relief under **_Hainesworth_**. **_Id._** at 435. The **_Giannantonio_** Court agreed with the trial court that the defendant "failed to demonstrate through credible evidence that registration for a ten-year period was a bargained[-]for element of his negotiated plea . . . ." **_Id._** at 435-36 (quotation marks omitted). We observed, "The record contains neither a colloquy from the federal guilty plea or sentencing hearings nor testimony or any other evidence demonstrating that counsel negotiated a specific ten-year registration period." **_Id._** at 435. We thus distinguished **_Hainesworth_**,

12

noting "there [was] no evidence [that the defendant's] guilty plea was negotiated or structured to insure that he would register for only a ten-year period[,]" and concluded the defendant was not entitled to relief. *Id.*

Instantly, the record contains no repeated assurances from the Commonwealth like those on which the Court relied in *Hainesworth*. *See Hainesworth*, 82 A.3d at 448. Rather, the only references to a registration requirement were the Commonwealth's statement that it intended to seek a "Megan's law sentence" and the written and oral notices of the possible registration consequences of Appellant's plea. N.T. Guilty Plea at 20, 27; Addendum to Guilty Plea Statement at ¶ 10. As well, the Commonwealth has not conceded Appellant's registration was part of the bargain. *See* Stipulation at ¶ 2(a); *Nase*, 104 A.3d at 532.

Moreover, the circumstances and structure of the plea do not evince an express or implied agreement upon a registration period. Although the instant case is comparable to *Nase*, we note that in *Nase*, the defense counsel made statements indicating the defendant knew a new count had been added to his plea in order to subject him to ten years of registration, and that he was in "full agreement" with the addition. *Nase*, 104 A.3d at 534. Here, no such statements exist.

Further, the record belies Appellant's contention that all parties understood his plea agreement to absolutely limit his registration period to ten years. Appellant specifically acknowledged he could be subject to a

13

lifetime registration requirement if the trial court found he was an SVP. Moreover, while both parties stipulated to the registration requirements in effect at the time of the plea, that stipulation did not evince bargaining with respect to a ten-year registration period. Lastly, the agreement to amend Count I from attempted sexual assault to attempted aggravated indecent assault supported the Commonwealth's assertions that the parties' intent was to reduce the standard range minimum sentence. *See* Stipulation at ¶¶ 1(a), 2(a). Specifically, both the pre-amended and the amended charges were second-degree felonies and both carried a ten-year registration requirement. However, the agreed-upon amendment to Count I lowered the applicable offense gravity score from twelve to eleven, and thus resulted in a lower standard range suggested minimum sentence.

Thus, the instant record distinguishes Appellant's plea agreement from those discussed in *Nase* and *Hainesworth*. *See Nase*, 104 A.3d at 534; *Hainesworth*, 82 A.3d at 447-48. When considering the circumstances as a whole, we agree with the trial court that there was no objective evidence parties bargained for sexual offender's registration or a specific period of registration. *See Nase*, 104 A.3d at 532; *Kroh*, 654 A.2d at 1172. Accordingly, we discern no error in the trial court's determination that a ten-year sexual offender's registration period was not a material element of the

14

plea agreement.[14]    We therefore affirm the order denying Appellant's petition to enforce his plea agreement.

Order affirmed.

Judge Mundy joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015

---

[14] We note the Pennsylvania Supreme Court, on April 8, 2015, granted allowances of appeal to consider the following question:

> Whether the Superior Court's application of its decision **Commonwealth v. Hainesworth** to the instant cases impermissibly expanded the contract clause to bind the Commonwealth to collateral consequences over which the Commonwealth has no control?

**Commonwealth v. Martinez**, 112 A.3d 1207 (Pa. 2015); **see also Commonwealth v. Shower**, 112 A.3d 1210 (Pa. 2015).