J-S24030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID M. KING | : | |
| | : | |
| Appellant | : | No. 314 WDA 2021 |

Appeal from the Order Entered February 18, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000826-2011

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED:  October 5, 2021**

Appellant, David M. King, appeals *pro se* from the order entered in the Cambria County Court of Common Pleas, following a remand hearing to decide whether Appellant's plea agreement included a ten-year registration period under the Sexual Offender Registration and Notification Act ("SORNA II"),[1] or

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("**Butler II**"), the Pennsylvania General Assembly enacted legislation to amend SORNA I.  **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.  In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018.  **See** Act of June 12, 2018, P.L. 1952, No.
*(Footnote Continued Next Page)*

whether the Commonwealth breached the terms of the plea agreement. We affirm.

The relevant facts and procedural history of this case are as follows. As stated at Appellant's guilty plea hearing:

> On January 4th of 2011 the state police conducted an undercover investigation into Internet child pornography. A computer with an IP address was located sharing files on a certain network. State police, through their investigation, were able to identify the IP address as that of [Appellant]. The investigation took [state police] to [Appellant]'s residence. [Appellant]'s computer was seized, and on [Appellant]'s computer there had been several files with underage boys engaged in sexual activity.

(N.T. Guilty Plea Hearing, 2/7/12, at 5-6). On February 7, 2012, Appellant entered a negotiated guilty plea to one count of possession of child pornography. At the time of his plea, the court admitted two exhibits into the record. Exhibit Number 1 was a nine-page written guilty plea colloquy signed by Appellant which specifically stated, "if your plea involves a violation of a crime as defined in Megan's Law (Registration of Sexual Offenders) that you are required to register with the State Police for a minimum period of 10 years

---

29 ("Act 29"). Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42. Here, Appellant committed his offense in 2011, so Subchapter I applies.

(42 Pa.C.S.A. Sections 9791-9799.6)." (**See** Guilty Plea Explanation of Defendant's Rights, filed 2/7/12, at 6, ¶ 32). Exhibit Number 2 was a ten-page document entitled "Megan's Law Colloquy" signed by Appellant which explained his registration requirements. (**See** Megan's Law Colloquy filed 2/7/12). The document expressly informed Appellant that he would be required to register as a sex offender for a period of at least ten years. (**Id.** at 1, ¶ 3). On May 7, 2012, the court sentenced Appellant in accordance with the plea agreement to 6 to 23 months' incarceration, with automatic parole after six months. Appellant did not file a direct appeal.

Relevant to this appeal, Appellant filed a *pro se* petition on September 19, 2019, stating that he received notice from the Commonwealth in November 2012, that he was required to register for 15 years under SORNA I. Appellant argued that his plea agreement included only a ten-year registration period under Megan's Law, **see** 42 Pa.C.S.A. § 9795.1(a)(1) (expired), and the Commonwealth had breached the agreement in November 2012 by informing him that he had to comply with SORNA I and register for 15 years. Appellant claimed his sentence was illegal. The court treated Appellant's prayer for relief as a Post Conviction Relief Act ("PCRA") petition, **see** 42 Pa.C.S.A. §§ 9541-9546, and dismissed the petition as untimely. The court also stated Appellant was ineligible for PCRA relief because he was no longer serving a sentence.

On October 22, 2020, this Court vacated and remanded, holding that

the court had erred in deciding it lacked jurisdiction to entertain the challenge to the registration term. **See Commonwealth v. King**, 241 A.3d 453 (Pa.Super. filed Oct. 22, 2020) (unpublished memorandum). Relying on **Commonwealth v. Lacombe**, ___ Pa. ___, 234 A.3d 602 (2020) (concluding PCRA is not exclusive means for challenging sex offender registration statutes), this Court decided Appellant's challenge to his sex offender registration was not subject to the PCRA's time-bar. Because the court had not reached the question of whether Appellant's plea agreement was structured to include a ten-year registration period, or whether the Commonwealth had breached the terms of the agreement, this Court remanded for the trial court to consider that issue in the first instance. **See King, supra**.

On October 26, 2020, the trial court informed Appellant that if he wished to continue to challenge his registration term concerning his 2012 conviction, he had 30 days to properly file a challenge. Appellant filed objections to this order on November 5, 2020, requesting that the court comply with this Court's directives and determine if his plea included a ten-year registration and whether the Commonwealth violated the plea agreement. On November 9, 2020, Appellant filed a motion for reconsideration of the court's November 5th order.

Also on November 9, 2020, the Commonwealth filed its response to Appellant's objections, claiming that this Court remanded the case to allow

Appellant to pursue relief outside the confines of the PCRA. In that filing, the Commonwealth indicated that neither the February 7, 2012 plea agreement, nor the transcript of the plea proceeding stated a specific length of time for registration; only that Appellant will be subject to registration. On November 30, 2020, Appellant filed a petition for a writ of *habeas corpus*.

On February 7, 2021, the court held a hearing regarding Appellant's registration challenge. On February 18, 2021, the court issued an order disposing of Appellant's outstanding filings. The order stated that Appellant:

> shall be subject to a sexual offender registration period of ten (10) years relative to the above-captioned matter. All outstanding filings by [Appellant] seeking relief in addition to and/or contrary to this finding are hereby DISMISSED WITH PREJUDICE. Further, the [c]ourt specifically finds that the Commonwealth did not breach the parties' Plea Agreement of February 7, 2012.

(Order, filed 2/18/21). Appellant timely filed a notice of appeal on March 3, 2021. On March 18, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

Appellant raises the following issue for our review:

> Did the trial court [err] in refusing to abide by the Superior Court's instructions/directives laid out in their opinion of October 22, 2020, which resulted in the following events lined out in [Appellant's] 1925(b) numbered- (A) through (F). [**See**: 1925(b) statement]. …

(Appellant's Brief at 1(A)).

Appellant argues that the trial court did not comply with this Court's

- 5 -

directive on remand.[2]  Appellant insists that the court is involved in "dilatory litigation tactics" attempting to prolong Appellant's case until his sentence expires and he lacks standing to challenge it.  Appellant claims that the court improperly continues to treat his current petition as an untimely PCRA petition. Appellant contends that his petition should be treated as a writ of *habeas corpus* petition such that he is not subject to the PCRA's timeliness requirements.[3]  Appellant claims that the Commonwealth breached his 2012 plea agreement because that agreement did not contain any specific mention as to the length of his registration period under Megan's Law.  Appellant reasons that the court erred in requiring him to register for ten years under SORNA II.  Appellant concludes that this Court should remand this case and assign it to another judge.  We disagree.

"In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" ***Commonwealth v. Fruehan***, 557 A.2d 1093, 1095 (Pa.Super. 1989) (internal citations omitted).

---

[2] The Commonwealth claims Appellant's issue is waived on appeal for failure to provide the transcript of the February 2021 proceeding and for vagueness in his Rule 1925(b) statement.  (***See*** Commonwealth's Brief at 3-6). Notwithstanding these errors, we can still conduct meaningful review of Appellant's issue on appeal.  Thus, we proceed to our merits review.

[3] As previously mentioned, this Court already decided that Appellant's challenge to his registration requirements was not subject to the PCRA's time restrictions.  ***See King, supra***.

Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." **Commonwealth v. Kroh**, 654 A.2d 1168, 1172 (Pa.Super. 1995) (internal citations omitted). Moreover, even though a plea agreement arises "in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." **Id.**

This Court has previously addressed contract principles as they apply to a defendant who entered a plea agreement prior to the enactment of SORNA I. **See Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa.Super. 2013) (*en banc*). In **Hainesworth**, the defendant entered a plea to charges that, at the time, were not subject to the registration requirements of Megan's Law. During Hainesworth's plea hearing,

> [t]he trial court and Hainesworth were assured no less than twice by the Commonwealth that the plea did not obligate Hainesworth to register as a sex offender. Moreover, these statements were made as part of the Commonwealth's recitation of the terms of the plea agreement, which were laid out carefully on the record. It is unambiguous from the record that both parties to this appeal, and the trial court, understood that a registration requirement was not included as a term of Hainesworth's plea agreement.

**Id.** at 448.

Upon SORNA I's enactment in 2012, one of the crimes to which Hainesworth had pled guilty became a registerable offense. Accordingly, prior to the effective date of SORNA I, Hainesworth filed a motion seeking a declaration from the trial court that he was not subject to registration, based

upon the express terms of his plea agreement. The trial court granted relief.

On appeal, this Court affirmed, deciding that Hainesworth's "plea agreement appears to have been precisely structured so that [he] would not be subjected to a registration requirement." *Id.* The Court concluded: "In negotiating a plea that will not require him to register as a sex offender, the defendant trades a non-trivial panoply of rights in exchange for his not being subject to a non-trivial restriction. Fundamental fairness dictates that this bargain be enforced." *Id.* at 449. The *Hainesworth* Court stressed that "the question is whether registration was a term of the bargain struck by the parties to this appeal." *Id.*

Subchapter I of SORNA II provides, in relevant part, as follows:

**§ 9799.55. Registration**

**(a)  Ten-year registration**.—Except as provided under subsection (a.1) or (b), the following individuals shall be required to register with the Pennsylvania State Police for a period of 10 years:

(1)(i)(A) Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:

\*     \*     \*

18 Pa.C.S. § 6312 (relating to sexual abuse of children).

\*     \*     \*

(B)  Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before

> December 20, 2012, whose period of registration has not expired.

> \*    \*    \*

42 Pa.C.S.A. § 9799.55(a), (a.1).

As the statute dictates, a ten-year registration period applies to individuals convicted of offenses relating to sexual abuse of children (under 18 Pa.C.S.A. § 6312) on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. § 9799.55(A)(1)(i)(A). **See also** 18 Pa.C.S.A. § 6312(d) (designating child pornography as offense relating to sexual abuse of children).

Instantly, Appellant pled guilty to one count of possession of child pornography in violation of 18 Pa.C.S.A. § 6312(d). Appellant's offense date was January 4, 2011. Consequently, a ten-year registration period applies to Appellant under Subchapter I of SORNA II. **See** 42 Pa.C.S.A. § 9799.55(A)(1)(i)(A). In its opinion, the trial court stated:

> A review of the docket confirms that on February 7, 2012, [Appellant] pled guilty to one count of Possession of Child Pornography, a felony of the third degree, Count 5, which is encompassed by the sexual abuse of children statute at 18 Pa.C.S.A. § 6312. The parties' written Plea Agreement, executed by the Commonwealth and [Appellant] and his counsel, also contained a general provision that [Appellant] would be subject to Megan's Law registration. Following an assessment by the Sexual Offenders Assessment Board, and consistent with the Board's report, [Appellant] was deemed to not be a sexually violent predator and sentenced on May 7, 2012.

> Having reviewed the above-referenced statute, and in accordance therewith, [the court] believes [Appellant] is

> subject to a 10-year registration requirement, the precise relief that he requested in his [September 2019 petition]. Thus, [the court] cannot deem the Commonwealth in breach of the parties' 2012 Plea Agreement. [The court] believes that this determination satisfies the limited scope of the Superior Court's remand.

(Trial Court Opinion, filed February 18, 2021, at 4-5). We agree with the court's sound analysis. Unlike in **Hainesworth**, the record makes clear that a ten-year registration period was contemplated by Appellant's plea agreement. (**See** N.T. Guilty Plea Hearing at 4-5). Thus, the record belies Appellant's claim and **Hainesworth** affords him no relief. **Compare Hainesworth, supra**. Based upon the foregoing, we affirm the trial court's order.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2021

---

[4] We note that Appellant is subject to lifetime registration now based on multiple sex offense convictions in 2017.