J-S11012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVON LAMAR SMITH | : | |
| | : | |
| Appellant | : | No. 654 WDA 2021 |

Appeal from the PCRA Order Entered March 26, 2021
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002611-2013

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  June 6, 2022**

Davon L. Smith appeals from the order entered in the Blair County Court of Common Pleas on March 26, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Smith argues the PCRA court erred in dismissing his claims of ineffective assistance of trial counsel for failing to seek enforcement of a plea agreement. After careful review, we affirm.

In January 2014, Smith was charged with violations of the Uniform Firearms Act[1]. Three months later, Smith appeared for his scheduled preliminary hearing. At that time, Smith and the Commonwealth reached an agreement where Smith would plead guilty to three separate cases, including

_____

[1] 18 Pa.C.S.A. §§ 6101-6127.

the instant case, in exchange for a recommended aggregate sentence of three and one-half to fifteen years' incarceration for all three cases. Pursuant to the agreement, Smith waived his rights to a preliminary hearing.

Two months after that, and prior to final disposition, the Commonwealth withdrew the plea offer after Smith was charged in a fourth case. The Commonwealth extended a revised plea offer for a global resolution of all four pending cases. Plea negotiations continued back and forth, however neither side was able to reach a new plea agreement. Accordingly, a jury trial was scheduled.

On May 1, 2015, after a jury trial, Smith was convicted of possession of a firearm by a prohibited person and carrying a firearm without a license. The trial court later sentenced Smith to five and one-half to eleven years' incarceration. Smith filed a post-sentence motion to reconsider the sentence, which the trial court denied. We affirmed on direct appeal.

On August 10, 2017, Smith filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition. After several continuances, an evidentiary hearing was held on March 15, 2019. By agreement of both parties, the PCRA court incorporated the record from a separate evidentiary hearing held on March 1, 2019. After consideration, the PCRA court entered an order denying and dismissing Smith's PCRA petition.

On November 20, 2020, Smith filed a *pro se* motion to reinstate appellate rights *nunc pro tunc*. After a hearing, the PCRA court granted Smith's motion and accordingly reinstated Smith's appeal rights.

New counsel was appointed and subsequently filed a timely *nunc pro tunc* appeal from the PCRA court's March 26, 2019 order which dismissed Smith's PCRA petition.

Smith raises a single issue on appeal as follows:

> Whether [trial] counsel provided ineffective assistance in failing to file a petition with the trial court seeking to enforce the plea agreement made in exchange for a waiver of [Smith]'s constitutional right to a preliminary hearing, asserting, in substance, that [Smith] and the Commonwealth had exchanged an offer and an acceptance, and that there had been both consideration and detrimental reliance; and that the Commonwealth was duty bound to fulfill its contractual obligation.

Appellant's Brief, at 4.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record" **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Smith raises a claim of ineffective assistance of trial counsel. We presume counsel is effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the

- 3 -

Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See id*. at 1163.

Smith asserts trial counsel was ineffective for failing to seek enforcement of the original plea deal. Specifically, Smith contends that since he gave up his right to a preliminary hearing, trial counsel should have sought specific performance of the plea agreement.

Pennsylvania Rule of Criminal Procedure 590, which governs pleas and plea agreements, provides, in relevant part:

(A) Generally

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is

voluntarily and understandingly tendered. Such inquiry shall appear on the record.

(B) Plea agreements.

(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement…

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590.

This Rule has been interpreted by our [S]upreme [C]ourt to mean that no plea agreement exists unless and until it is presented to the court. Our [S]upreme [C]ourt has also held that [w]here a plea agreement has been *entered of record* and has been *accepted* by the trial court, the [Commonwealth] is required to abide by the terms of the plea agreement. … However, prior to the *entry* of a guilty plea, the defendant has no right to specific performance of an 'executory' agreement.

***Commonwealth v. McElroy***, 665 A.2d 813, 816 (Pa. Super. 1995) (citations and internal quotation marks omitted; emphasis in original).

Here, the original plea agreement had neither been entered of record nor accepted by the trial court prior to revocation and was, therefore, not enforceable. Smith concedes the Commonwealth is able to "revoke an offer prior to the Court accepting such an offer on the record". Appellant's Brief, at 21. However, Smith argues the Commonwealth is bound to enforcement of a plea offer when the Commonwealth induces action of a defendant in reliance on the offer, and the defendant acts on those actions. ***See id***. In support of

this claim, Smith only cites to cases in which our Court has enforced the terms of a plea agreement after the plea agreement had been entered in the record and accepted by the trial court.[2] Neither entry nor acceptance occurred here.

We acknowledge that this Court has previously carved out a separate, but narrow, avenue for specific enforcement of a plea offer where fundamental fairness commands it. *See Commonwealth v. Mebane*, 58 A.3d 1243 (Pa. Super. 2012). In *Mebane*, the Commonwealth extended a plea offer to Mebane, who accepted it. At that time, neither party was aware of the trial court's ruling on a pending suppression motion. At some point after Mebane accepted the plea offer, but before the guilty plea hearing, the Commonwealth learned that the trial court had denied Mebane's suppression motion. The Commonwealth did not convey this information to Mebane.

On the day set for the guilty plea hearing, the Commonwealth, armed with the knowledge that the trial court had not suppressed incriminating evidence, withdrew its plea offer. Ultimately, this Court determined that the Commonwealth acted inappropriately in not disclosing that the trial court had denied Mebane's suppression motion and, therefore, found that enforcement of the plea offer was in the interest of justice. *See Mebane*, 58 A.3d at 1249. Specifically, we found that in light of the Commonwealth's bad faith in

---

[2] *See Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976); *see also Commonwealth v. Kroh*, 654 A.2d 1168 (Pa. Super. 1995).

revoking the plea offer, Mebane was entitled to the benefit of the withdrawn plea bargain.

The same circumstances do not exist in this case. There are simply no special circumstances here that would warrant enforcement of a plea agreement that had not yet been accepted by the trial court. Here, the Commonwealth timely communicated its intention to withdraw the offer and explained the reasoning for the withdrawal. The Commonwealth withdrew the plea offer in good faith for legitimate reasons; specifically, the fact that Smith was charged under a fourth case. Further, the Commonwealth continued plea negotiations with Smith in order to try to come to a new agreement that would incorporate the additional case. No extraordinary circumstances existed here that would have permitted the trial court to exercise its discretion to direct the Commonwealth to honor a plea agreement that had not yet been effectuated by colloquy.

Accordingly, the standard rule applies. Since the agreement was never presented to and accepted by the trial court prior to the Commonwealth properly withdrawing the offer, Smith is not entitled to enforcement of the agreement. **See Commonwealth v. Martin**, 5 A.3d 177, 196 (Pa. 2010). As such, Smith has not satisfied the arguable merit prong of the test for ineffective assistance. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (finding counsel cannot be deemed ineffective for failing to pursue a meritless claim).

To the extent Smith contends he detrimentally relied on the initial plea agreement when he waived his preliminary hearing, we conclude he has failed to establish his waiver was to his detriment. "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." ***Commonwealth v. Tyler***, 587 A.2d 326, 328 (Pa. Super. 1991). Since Smith does not allege his innocence of the crimes, but rather seeks the imposition of a different sentence for his plea of guilt, he cannot establish that he suffered any harm for waiving his preliminary hearing. He therefore is unable to establish arguable merit for this reason as well.

Because Smith has failed to satisfy the test for ineffectiveness, he is not entitled to relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2022