J-S05022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | : |
| STEVE BETTENCOURT | : |
| Appellant | : No. 1213 MDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-003201-2014

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | : |
| STEVEN EDWARD BETTENCOURT | : |
| Appellant | : No. 1214 MDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004543-2015

| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | : |
| STEVEN EDWARD BETTENCOURT | : |
| Appellant | : No. 1215 MDA 2016 |

J-S05022-17

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000128-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 10, 2017**

In these consolidated appeals, Appellant, Steve Bettencourt, appeals from the judgment of sentence entered April 4, 2016, in the Court of Common Pleas of Berks County. In addition, Appellant's court-appointed counsel, Roarke Thomas Aston, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history are as follows. Appellant entered a negotiated guilty plea at three separate dockets to two counts of burglary, and one count each of attempted burglary, receiving stolen property, prohibited offensive weapons, possession of a controlled substance, and possession of drug paraphernalia.[1] In exchange for the plea, the Commonwealth agreed to drop all other charges stemming from Appellant's commission of a series of burglaries. The trial court imposed the

_____

[*] Retired Senior Judge assigned to Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(2); 901(a); 3925(a); and 908(a); 35 P.S. § 780-113(a)(16) and 113(a)(32), respectively.

- 2 -

agreed-upon aggregate sentence of five to ten years' incarceration, plus a total of $27,541.81 in restitution. After the period for timely filing a post-sentence motion passed, Appellant filed a motion requesting permission to file a post-sentence motion *nunc pro tunc*. The court granted Appellant's motion, held a hearing on the merits of Appellant's post-sentence motion, and ultimately denied Appellant relief. Appellant timely filed a notice of appeal. Counsel filed a Rule 1925(c)(4) statement of intent to file an **Anders** brief in lieu of the court-ordered Rule 1925(b) statement.

The Pennsylvania Supreme Court has previously set forth the steps a court-appointed attorney must take when seeking to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Attorney Aston has substantially complied with all of the requirements of **Santiago**. Attorney Aston verified he sent a copy of his **Anders** brief and a letter to Appellant, explaining that Appellant may proceed *pro se* or else retain new counsel. Attorney Aston attached a copy of the letter to his petition. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super.

2010); *Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant did not file a response.

In his *Anders* brief, counsel identified two appealable issues. The first pertains to Appellant's guilty plea. Appellant contends the court should have permitted him to withdraw the plea after sentencing.

"We begin with the principle that a defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted). A trial court can only grant a post-sentence motion to withdraw a guilty plea upon a showing of prejudice that amounts to "manifest injustice." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was

aware of what he was doing. He bears the burden of proving otherwise." ***Id***. (citation omitted).

Instantly, the trial court recounted the circumstances surrounding the plea as follows:

> This court conducted an oral guilty plea colloquy, and [Appellant] also signed a written Statement Accompanying [Appellant's] Request to Enter a Guilty Plea in each docket; these were submitted on the record. He acknowledged committing the facts placed on the record by the Commonwealth corresponding to the counts to which he entered guilty pleas. He stated that he understood what he was doing (and this court so found), and that he was knowingly and voluntarily entering guilty pleas; he was not coerced into doing so. [Appellant] did not contest that his prior record score was a 3. He told the court he was satisfied with the representation provided him by the attorney at the guilty plea and sentencing hearing. [Appellant] was offered the opportunity to make a statement to the court prior to sentencing, and he did. His attorney also provided relevant information.

Trial Court Opinion, filed 9/12/16, at 2-3.

Appellant did not attempt to withdraw his guilty plea by motion prior to this appeal. Appellant halfheartedly argued during his post-sentence motion hearing that he did not fully understand his plea; however, that contention is belied by the evidence on the record and recounted in the trial court's opinion showing otherwise. Appellant carries the burden of establishing that his guilty plea was not knowing or voluntary in order to show circumstances that would merit withdrawal. Appellant has failed to do so, and we find no evidence on the record that would support this position.

Appellant also argued during his post-sentence motion hearing, and

obliquely on appeal, that the trial court improperly set the award of restitution. "An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." **Commonwealth v. Kinnan**, 71 A.3d 983, 986 (Pa. Super. 2013) (citation omitted). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Stradley**, 50 A.3d 769, 772 (Pa. Super. 2012) (citation omitted).

> While it is true that the practice of plea bargaining is looked upon with favor, the integrity of our judicial process demands that certain safeguards be stringently adhered to so that the resultant plea as entered by a defendant and accepted by the trial court will always be one made voluntarily and knowingly, with a full understanding of the consequences to follow. Most pertinent … is the requirement that when counsel for both sides enter into a plea agreement, the terms of that agreement must be stated in open court.

**Commonwealth v. Kroh**, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted). Where the language of a plea agreement sets out its terms with specificity, the agreement controls. **See id**.

The record negates any assertion that Appellant's plea with respect to restitution was unknowing or involuntary. Appellant and the Commonwealth agreed to the amount of restitution imposed. **See** N.T., Guilty Plea and Sentencing Hearing, 4/4/16 at 18. The Commonwealth provided extensive information regarding the basis for the restitution, including the value of

property taken from each burglarized household. *See id*., at 6-9. Appellant admitted he was pleading guilty because he committed the stated crimes, and entered his guilty plea. *See id*., at 10-11. The Commonwealth dismissed several charges in light of Appellant entering the guilty plea. *See id*., at 13-14. The court read the terms of the plea into the record at the time it sentenced Appellant and imposed restitution. *See id*., at 20-23.

Accordingly, to the extent Appellant argues the order of restitution is not supported by the record, we reject this argument. We find Appellant's contentions regarding withdrawal of his guilty plea to be without merit; consequently, Appellant is due no relief on this claim.

The second issue identified by counsel is a challenge to the discretionary aspects of the sentence. "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa. Super. 2010) (citation omitted). An appellant may not challenge the discretionary aspects of his sentence when his negotiated plea included the terms of his sentence. *See Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004).

> When a negotiated plea includes sentencing terms (or, more properly, the Commonwealth's commitment to recommend a certain sentence), the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea.

*Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014).

Instantly, the trial court imposed the recommended sentence that Appellant negotiated with the Commonwealth. Thus, Appellant received precisely the sentence for which he bargained, and cannot challenge the discretionary aspects of that sentence. Accordingly, we find Appellant's second issue likewise merits no relief.

After examining the issues contained in the **Anders** brief and undertaking a thorough and independent review of the record, we agree with counsel's assessment that this appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017