J-S67006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL MIDGLEY | : | |
| | : | |
| Appellant | : | No. 873 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 26, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001781-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 16, 2020**

Appellant, Michael Midgley, appeals from the judgment of sentence entered on April 26, 2019, as made final by the denial of his post-sentence motion on June 4, 2019.  We affirm.

On January 31, 2019, Appellant agreed to plead guilty to two counts of simple assault and one count of terroristic threats.[1]  During the guilty plea hearing, the parties articulated the terms of the agreement:

> [Trial Court]: So what are the terms of the plea?
>
> [Commonwealth]: Your Honor, [Appellant] is going to plead guilty to three misdemeanor offenses, two counts of simple assault, one count of terroristic threat[s], which is graded as a misdemeanor of the first degree. . . .

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(2) and 2706(a)(1), respectively.

As part of the entry of the guilty plea, [Your] Honor, the Commonwealth would not object – I would have no objection to the terroristic threats be treated as a long tail of supervision if the [trial] court believes that that's appropriate, but it is the intention – it is the intention, [Your] Honor, of the Commonwealth that the two simple assaults – [Appellant] would be imposed a sentence of consecutive sentences on those two counts. If the [trial] court feels that there is merger of any of those sentences, which I don't believe there is because there is different elements, then I think he should be sentenced on the terroristic threats as a –

[Trial Court]: Okay. Well, so here the plea agreement has stipulated probation but it's the Commonwealth – the Commonwealth does not oppose; is that right? I just want to make sure I have this –

[Commonwealth]: As to the terroristic threats.

[Trial Court]: I just want to make sure I am accurately recording the agreement that you two have reached.

[Appellant's Counsel]: That's correct, judge.

[Trial Court]: Does no[t] oppose –

[Appellant's Counsel]: Between us and the Commonwealth[, the Commonwealth] is not going to ask for time on the terroristic threats.

[Trial Court]: Sentence on terroristic threats charge, okay.

[Appellant's Counsel]: That's correct, judge.

[Trial Court]: Okay. . . .

N.T. Guilty Plea Hearing, 1/31/19, at 2-4 (some capitalization omitted).

The trial court proceeded to colloquy Appellant and, during this colloquy, the trial court notified Appellant that it was not bound by any sentencing

agreement. *Id.* at 4-9. Further, during the hearing, Appellant agreed that he committed the following acts:

> [O]n July 28[, 2018], as to Count 1, simple assault, [Appellant] did repeatedly hit [A.M. (hereinafter "the Victim")] with a closed fist resulting in a broken nose and a broken orbital fracture.
>
> . . .
>
> Secondly, on that same date[, Appellant] did cause bodily injury to [the Victim], in which he did strike her with a baseball bat in the back of her leg.
>
> . . .
>
> And then, . . . [Appellant] did Count 3, terroristic threats, he did directly communicate a threat of violence when he attempted to terrorize [the Victim] in that he threatened to kill her while holding a baseball bat in his hand.

*Id.* at 9-10.

The trial court accepted Appellant's plea and it scheduled the sentencing hearing for a later date. *Id.* at 10.

During the April 29, 2019 sentencing hearing, the Commonwealth spoke first and requested that the trial court impose "the maximum sentence you can give, a sentence within the aggravated range. . . . [W]e are asking for the maximum sentence." N.T. Sentencing Hearing, 4/29/19, at 2-3. Thereafter, Appellant's counsel addressed the trial court and asked that the trial court sentence Appellant as follows: "[Appellant] would ask the [trial] court for an 11 to 23 ½ month [county] sentence and be paroled into the [domestic violence intervention program ("DVIP")]. He asks the [trial] court

- 3 -

to follow up that sentence with probation so that if he fails on the DVIP court he could go to state prison for a long period of time." *Id.* at 6-7 (some capitalization omitted). The Commonwealth did not object to Appellant's request for probation. *See id.* at 3-15.

The trial court sentenced Appellant to serve an aggregate term of four-and-a-half to nine years in prison for his convictions. *Id.* at 14. The trial court structured Appellant's sentence as follows: one to two years in prison for the first simple assault conviction; a consecutive sentence of one to two years in prison for the second simple assault conviction; and, a consecutive sentence of two-and-a-half to five years in prison for the terroristic threats conviction. *Id.* at 13-14.

On May 3, 2019, Appellant filed a timely post-sentence motion where he requested that the trial court: vacate his sentence because the Commonwealth violated the plea agreement; allow him to withdraw his plea because the trial court did not sentence Appellant in accordance with the plea terms; and, reconsider his sentence because it was "unreasonable, harsh, and excessive." *See* Appellant's Post-Sentence Motion, 5/3/19, at 1-2.

On June 4, 2019, the trial court denied Appellant's post-sentence motion. Trial Court Order, 6/4/19, at 1. Appellant filed a timely notice of appeal and now raises three claims to this Court:

> [1.] Whether the trial court erred when it denied Appellant's request to vacate the sentence imposed on terroristic threats due to a violation of the plea agreement by the Commonwealth[?]

- 4 -

[2.] Whether the trial court erred when it denied [Appellant's] request to withdraw his guilty plea to the terroristic threats [charge] without holding a hearing/colloquy on his motion to withdraw[?]

[3.] Whether [the trial] court abused its discretion when it imposed unreasonable, harsh and excessive sentences on all of the charges[?]

Appellant's Brief at 4 (some capitalization omitted).

First, Appellant claims that the trial court erred when it denied his motion to vacate his sentence, due to the Commonwealth's violation of the plea agreement.

"Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." *Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995). "In assessing whether a plea agreement has been breached, we consider what the parties to the agreement reasonably understood the terms to be." *Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*) (quotations and citations omitted). "Such a determination is made based on the totality of the surrounding circumstances and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth." *Id.* (quotations, citations, and corrections omitted). Further, "[c]ontract interpretation is a question of law, so our standard of review . . . is *de novo* and to the extent necessary, the scope of our review is plenary." *Commonwealth v. Kerns*, 220 A.3d 607, 612 (Pa. Super. 2019) (quotations, citations, and corrections omitted).

Our Supreme Court has held:

> there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.
>
> Therefore, in Pennsylvania, it is well settled that where a plea bargain has been entered [into] and is violated by the Commonwealth, the defendant is entitled, at least, to the benefit of the bargain.

*Commonwealth v. Zuber*, 353 A.2d 441, 444 (Pa. 1976) (quotations and citations omitted). However, "[w]hile the [Commonwealth] must be held to the promises it made, it will not be bound to those it did not make." *See United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986).

On this appeal, Appellant, the Commonwealth, and the trial court all agree on the terms of the plea agreement. As framed by Appellant, the plea terms were "placed on the record by the Commonwealth [and were as follows]: 'As [] part of the entry of the guilty plea, . . . the Commonwealth would not object – I would have no objection to the terroristic threats be treated as a long tail of supervision if the [trial] court believes that that's appropriate.'" Appellant's Brief at 12-13, *quoting*, N.T. Guilty Plea Hearing, 1/31/19, at 2-3; *see also* Commonwealth's Brief at 7 (declaring that it did not violate the plea agreement because it "did not object to [Appellant's] request for probation"); Trial Court Opinion, 9/6/19, at 2-5 (same). Thus, for

purposes of this appeal, we accept that the terms of the plea agreement were that the Commonwealth "would have no objection to the terroristic threats be treated as a long tail of supervision if the [trial] court believes that that's appropriate." *See* Appellant's Brief at 12-13.

On appeal, Appellant claims that the Commonwealth violated the terms of the plea agreement when, at sentencing, the Commonwealth requested that the trial court impose "the maximum sentence you can give, a sentence within the aggravated range. . . . [W]e are asking for the maximum sentence." Appellant's Brief at 11-14; N.T. Sentencing Hearing, 4/29/19, at 2-3. Appellant's claim fails.

As stated by Appellant, under the express terms of the plea agreement, the Commonwealth merely agreed that it had "**no objection**" to a probationary sentence for Appellant's terroristic threats conviction "**if the [trial] court believe[d] that [such a sentence was] appropriate**." Appellant's Brief at 12-13 (emphasis added); *see also* N.T. Guilty Plea Hearing, 1/31/19, at 2-3 (emphasis added). In other words, under the plain terms of the agreement, the Commonwealth only agreed that it would not object to Appellant's request for a probationary sentence on the terroristic threats charge and, further, that it would not object to or otherwise challenge the trial court's sentence if the trial court believed a probationary sentence for terroristic threats was appropriate. *See* Pa.R.Crim.P. 721 ("Procedures for Commonwealth Challenges to Sentence").

The Commonwealth abided by the terms of the agreement. Indeed, as the trial court explained:

> [After the Commonwealth requested a sentence of imprisonment on the charges, Appellant's] attorney spoke. He recited the various programs [Appellant] intended on attending and asked the [trial] court to impose a county sentence on the simple assault counts with a probationary tail on the terroristic threats count. At this time, the Commonwealth remained silent and did not object to the request for a probationary sentence. In addition, [Appellant] spoke on his own behalf . . . [and] stated he was willing to get help and he also asked for probation. The [Commonwealth] again remained silent and did not [object] to [Appellant's] request.

Trial Court Opinion, 9/6/19, at 5 (citations omitted).

Simply stated, the plea agreement neither required the Commonwealth to make nor forbade the Commonwealth from making any sentencing recommendation. Therefore, the Commonwealth did not violate the terms of the plea agreement when it requested that the trial court sentence Appellant to "the maximum sentence you can give." Appellant's claim to the contrary fails.

Next, Appellant claims that the trial court erred when it denied his post-sentence motion to withdraw his guilty plea.

"[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002). We have previously explained:

> Post-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a [] plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (citations and quotations omitted). Nevertheless, "a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea [must be permitted to] withdraw his guilty plea upon being deprived of the benefit of his bargain." ***Commonwealth v. Tann***, 79 A.3d 1130, 1133 (Pa. Super. 2013).

According to Appellant, he should have been permitted to withdraw his plea after sentencing because, he claims, he entered into a negotiated plea with the Commonwealth and the "sentencing judge[] fail[ed] to follow the Commonwealth's sentencing recommendation." Appellant's Brief at 15-16. Again, Appellant's claim relates to the Commonwealth's plea agreement that it "would have no objection to the terroristic threats be treated as a long tail of supervision if the [trial] court believes that that's appropriate." ***See id.*** Appellant's claim on appeal fails.

"In the interest of understanding the consequences of the plea bargaining process, there must be a clear distinction made between an 'open plea' and a 'negotiated plea.'" ***Commonwealth v. Dalberto***, 648 A.2d 16, 19

(Pa. Super. 1994). "[A] strictly negotiated plea agreement" is one in which "the Commonwealth and the [defendant] had bargained for a specific sentence." *Id.* (emphasis omitted). Whereas, "[i]n an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges." *Id.* at 20 (citations omitted). Where a "plea agreement [does] not include a specific term of imprisonment, [but] place[s] limitations on [the] sentence, *i.e.* [] to run [sentences] consecutively[,] we treat [such a] case as an 'open' plea." *Id.* at 21.

This Court's *en banc* decision in **Commonwealth v. McClendon**, 589 A.2d 706 (Pa. Super. 1991) (*en banc*) is instructive. In **McClendon**, we determined that the defendant was not entitled to withdraw his guilty pleas to two armed robbery charges, after the trial court imposed consecutive sentences. In that case, **McClendon** signed a written guilty plea agreement, which the Commonwealth confirmed in open court, that the Commonwealth would have no objection to the imposition of concurrent sentences. **See McClendon**, 589 A.2d at 711. We determined that when "the terms of the plea agreement specifically make a recommended sentence nonbinding on the court, there can be no violation of the plea agreement when the court chooses not to follow the recommendation. In such cases the defendant has received nothing less than [what] he bargained for." **McClendon**, 589 A.2d at 710.

In this case, the Commonwealth merely agreed that it "would have no objection to the terroristic threats be treated as a long tail of supervision if

- 10 -

the [trial] court believes that that's appropriate." ***See*** Appellant's Brief at 12-13 and 14-16; ***see also*** N.T. Guilty Plea Hearing, 1/31/19, at 2-3. Under these terms, there was no express agreement that compelled the trial court to impose probation in this case. As in ***McClendon***, the Commonwealth's position that it would not object to a probationary sentence was not binding on the trial court. Accordingly, as in ***McClendon***, there exists no manifest necessity to allow the post-sentence withdraw of Appellant's guilty plea and the trial court did not err when it denied Appellant's motion. Appellant's claim thus fails.

Finally, Appellant claims that the trial court abused its discretion when "it imposed unreasonable, harsh[,] and excessive sentences on all of the charges" because "the facts surrounding these charges were not egregious so as to warrant sentences beyond [the] standard sentenc[ing] ranges." Appellant's Brief at 16 and 18.

Appellant's claim attacks the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Moreover, Appellant's brief includes the requisite Rule 2119(f) statement. *See* Appellant's Brief at 10-11. We will now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Here, Appellant claims that his sentence is manifestly excessive because it constitutes too severe a punishment under the facts of the case. Under our precedent, this claim raises a substantial question and permits us to reach the merits of the claim. *See Commonwealth v. Best*, 120 A.3d

329, 348 (Pa. Super. 2015) (holding that a claim "that the sentence imposed was so manifestly excessive as to constitute too severe a punishment . . . raise[s] a substantial question").

Nevertheless, Appellant's claim that the trial court abused its discretion in imposing a manifestly excessive sentence fails. As the trial court ably explained:

> On April 26, 2019, the sentencing hearing was held. [The trial] court noted [Appellant] had a prior record score of [three] and all three offenses had an offense gravity score of [three]. For count 1, simple assault, the standard range was calculated to be RS to less than [12] months. The aggravated range was calculated to be [12] months. [The trial] court imposed a sentence of [12] to [24] months in a state correctional institute. For count 2 simple assault, the standard range was calculated to be six [to 12] months. The [trial] court imposed a sentence of [12] to [24] months in a state correctional institute, consecutive to count 1. For count 3, terroristic threats, the standard range was calculated to be six [] to less than [18] months. The aggravated range was calculated to be [21]. [The trial] court imposed a sentence of [two-and-a-half to five years] in state prison. This sentence is above the aggravated [range].
>
> As required, [the trial] court stated the following reasons for the sentence, on the record in open court, stating:
>
> > I must advise you, sir, that the sentence is aggravated. It is above the aggravated [range] and the reason is, sir, that, number one, this sentence reflects the nature and gravity of your offense. It recognizes your failure to rehabilitate from past periods of supervision and/or confinement. It recognizes past convictions for aggravated assault for domestic violence, specifically, [another victim], who was stabbed. This individual was beaten with a bar and suffered a broken occipital bone. That's another reason for the sentence being above the aggravated range. It also recognizes that you have a

> history of violating supervision in the past. Sir, those are the reasons for the aggravated sentence and the reasons now - the rest of the reasons for the sentence are it recognizes your need for rehabilitation and treatment and it recognizes that you were cooperative during the presentence investigation.

[N.T. Sentencing Hearing, 4/26/19, at 14-15].

Trial Court Opinion, 9/6/19, at 8-9 (footnote omitted).

From the above, it is apparent that the trial court did not abuse its discretion when it concluded that the facts of Appellant's case – including the violent facts underlying the current crimes, Appellant's repeated instances of domestic violence, Appellant's failure to reform his conduct despite the continued intervention of the criminal justice system, and Appellant's history of violating supervision – warranted a sentence outside of the standard sentencing range. Therefore, Appellant's claim that the "the facts surrounding these charges were not egregious so as to warrant sentences beyond [the] standard sentenc[ing] ranges" fails. *See* Appellant's Brief at 16 and 18.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2020